### Horace Summerhill et al. v. James P. Hanner et al.

#### No. 2574.

1.    **Deed.**—The doctrine heretofore announced by the Supreme Court of Texas, that a deed to land which purports to convey immediately the title, but which reserves expressly a lien to secure the payment of purchase money, stands upon the same ground as a mere agreement to convey on the payment of purchase money at a future time, adhered to.

2.    **Deed—Executory Contract.**—In an executory contract the vendor when the purchaser makes default in paymant may elect to cancel the contract and recover the land or enforce the payment of purchase money.    Until default the equitable title is in the vendee, and the vendor's right is to receive the purchase money which at common law went to his executor as personal assets and not to the heir.    The election of remedies once made by a vendor after default in payment binds him unless the vendee shall by some distinct act repudiate the agreement.

3.    **Executory Contracts—Wills.**—A testator who had sold land and sued the defaulting purchaser on his purchase money note died and made no reference in his will either to the land or unpaid purchase money.    Afterward suit was brought by the executor, who also claimed as an heir, to annul the executory contract of sale for default in payment of purchase money and to recover the land.    *Held:*

1.    The claim existed only as a claim for money, which at common law, in the absence of a will, would have vested in his personal representatives and not in his heirs. Under a clause in the will which gave to a devisee "all lands not otherwise disposed of" no right to the land can be asserted.

2.    A clause in the will which bequeathed to a devisee "all the money I have or may have at my death, or money arising to me," included not only cash on hand at the devisor's death, but all money collectable by his executor after his death on existing claims.

3.    The testator having elected to proceed by suit for the money, the heir could not claim a rescission of the contract and recover the land.

4.    There being no controversy as to the facts the court should have construed the language of the will in the charge.

**Appeal** from Bowie.    Tried below before Hon. W. P. McLean.
The opinion states the case.

*F. M. Henry,* for appellants.—1. When a large amount of the purchase money has been paid and the vendor sues the vendee for the balance of the purchase money and obtains a final judgment therefor in a court of competent jurisdiction, he is bound by said election and estopped from claiming a rescission of the contract; having elected his forum and chosen his remedy he is bound by the judgment. Milligan v. Ewing, 64 Texas, 258; Burson v. Blackley, 67 Texas, 5, 11; Tom and Wife v. Wollhoefer, 61 Texas, 277; Coddington v. Wells, 59 Texas, 49; Heirs of Roberts v. Lovejoy, 60 Texas, 253; Scarborough v. Arrant, 25 Texas, 131; Thomas v. Beaton, 25 Texas Supp., 321; Roeder v. Robson, 20 Texas, 754; Walker v. Emerson, 20 Texas, 706; Waterman on Specific Performance of Contract, secs. 15, 62, 479; Pom. Eq. Jur., secs. 1161 and note, 1261, 1262, 1402, 1406 and notes, 105, 368 and note, 372 and note, 1334, 400, 459, 1404, 460.

Any action for the specific performance of a contract for the conveyance of real estate shall be commenced within ten years next after the cause of action shall °have accrued and not afterward. Rev. Stats., arts 3194, 3195, 3205, 3207, 3208, and 3209; Taylor v. Campbell, 59 Texas, 315; Walker v. Emerson, 20 Texas, 706, 754; Robertson v. Wood, 15 Texas, 1; Coddington v. Wells, 59 Texas, 49; Roeder v. Robson, 20 Texas, 754; Burson v. Blackley, 67 Texas, 5 and 11; Milligan v. Ewing, 64 Texas, 258; Tom et uxor v. Wollhoefer, 61 Texas, 277; Heirs of Roberts v. Lovejoy, 60 Texas, 253; Scarborough v. Arrant, 25 Texas, 131; Thomas v. Beaton, 25 Texas Supp., 321; Boone v. Chiles, 10 Peters, 223.

It is the duty of the court to declare the legal effect of a written instrument to the jury. The will of Park was submitted to the jury without any testimony whatever explanatory thereof. Sayles's Texas An. Stats., arts. 548a, 4876; Heirs of Roberts v. Lovejoy, 60 Texas, 253; Poole v. Jackson, 66 Texas, 380; Taylor v. McNutt, 58 Texas, 71; Murphy v. Welder, 58 Texas, 235; Hunt v. White, 24 Texas, 652; Atwood v. Weems, 99 U. S., 183; Smith v. Bell, 6 Peters, 68; St. Luke's Home v. A. F. I. T., 52 N. Y., 191; Underwood v. Green, 56 N. Y., 242; 1 Greenl. on Ev., 14 ed., sec. 277.

The recovery of a personal judgment by Park, the vendor, against Summerhill, the vendee, in the Circuit Court of Lauderdale County, Alabama, upon the note given for the purchase money of the land, and efforts to collect such judgment in Alabama, did not estop Park or his devisee from suing for and recovering the land in controversy. Lander v. Rounsaville, 12 Texas, 195; Harris v. Catlin, 53 Texas, 1; Jackson v. Palmer, 52 Texas, 427; Beck v. Tarrant, 21 Texas, 402.

*Todd & Hudgins* and *G. T. Todd,* for appellees. — Where a vendor reserves a lien in the deed to secure the payment of the purchase money, upon default in the payment of the purchase money the vendor has two

remedies open to him—the one to sue for the debt and enforce the vendor's lien, the other to rescind the contract and sue for the land. When his right either of rescission or of continuation of the contract has been exercised, then the rights of the parties are resettled upon a new basis, into which such act enters as an element.

When a large amount of the purchase money has been paid and default made by the vendee in payment of the balance due, the vendor must restore the debt for the balance to entitle him to a rescission of the contract.

When a large amount of the purchase money has been paid and the vendor sues the vendee for the balance of the purchase money and obtains a final judgment therefor in a court of competent jurisdiction, he is bound by said election and estopped from claiming a rescission of the contract; having elected his forum and chosen his remedy he is bound by the judgment.

Where the vendee in an executory contract for the sale of land pays a large portion of the purchase money and makes default in payment of the balance, and the vendor waives the default and sues for the balance of the purchase money and obtains a final judgment therefor, he is thereby estopped from suing for the land. Lander v. Rounsaville, 12 Texas, 195; Harris v. Catlin, 53 Texas, 1; Jackson v. Palmer, 52 Texas, 427; Beck v. Tarrant, 61 Texas, 402.

GAINES, ASSOCIATE JUSTICE.—This is an appeal from a judgment in the court below in which the plaintiffs recovered of the defendants the tract of land in controversy. In the year 1858 James Park, of Williamson County, Tennessee (under whom appellees claim), sold the land to appellants' grantor, Horace Summerhill, for the sum of $10,000, to be paid in three annual installments to fall due respectively in one, two, and three years after date. The vendor executed to Summerhill a deed, but expressly reserved in it a lien upon the land as a security for the payment of the purchase money, for which Summerhill·at the same time executed three promissory notes. The grantee paid the two notes which first matured. In 1861 Park instituted suit against him on the third note in the Circuit Court of Lauderdale County, Alabama, where he then resided, and in 1862 obtained a judgment thereon. In 1866 execution was issued upon this judgment, when Summerhill filed a bill in equity asking that it be enjoined. A preliminary injunction was granted, after which, during the same year, Park died. The suit was revived in the name of his personal representative and resulted in a decree in 1881 dissolving the injunction. This decree was affirmed on appeal in 1882. Park left a will with a codicil which was dated after the injunction issued. Besides certain special devises and bequests, the will contained the following provisions: "I will all the money I have or may have at my death, or money arising to me, to be equally divided [between] my wife and Doctor J. P.

Hanner's wife, my debts to be all paid first." * * * "All other lands I may own and not disposed of by will may be given to J. P. Hanner." Neither the land in controversy, the unpaid note, nor the judgment thereon are in any manner named or referred to in the testament. Hanner was nominated as executor, and having qualified as such had the judgment in the Circuit Court of Lauderdale County, Alabama, revived in his name.

Appellees, James P. Hanner and wife, describing themselves as heirs and devisees, and executor under the will of James Park, deceased, brought this suit in August, 1881, against appellant Horace Summerhill, and the other appellants, as claimants under conveyances made by him, to recover the land in controversy. The first petition contained the allegations of an ordinary action to try title. An amended petition was filed in 1885, pleading specially the facts, offering to convey the land upon payment of the balance of the purchase money, and praying in default thereof a recovery of the land. A second amended petition was filed in 1886, which also pleaded specially as in the first amended petition, offered to convey upon payment of the purchase money, and prayed in the alternative for a judgment for the land or for the unpaid purchase money, and the enforcement of a lien thereon. It seems however that upon the trial the plaintiffs in open court abandoned their claim for the purchase money and proceeded to judgment upon J. P. Hanner's claim to the property as land devised to him by the will of James Park. It also appears that Summerhill, the original grantee, died after the suit was instituted, and that it was dismissed as to him in the court below.

The case stated presents a question which in our opinion goes to the foundation of the action. After the death of Park and the establishment of his will, could a suit be maintained for the recovery of the land? This depends we think upon the state of his title at the time his will took effect. It may be doubted whether it ought ever to have been held that a deed to land which purports to convey immediately the title but reserves expressly a lien to secure the payment of the purchase money, stands upon the same footing as a mere agreement to convey upon the purchase money being paid at some future day. However that may be, the rule is too well settled in this court to admit of its being called in question at this time. McPherson v. Johnson, 69 Texas, 485; Baker v. Ramey, 27 Texas, 53; Harris v. Catlin, 53 Texas, 8; Jackson v. Palmer, 52 Texas, 434; Burges v. Millican, 50 Texas, 397; Dunlap v. Wright, 11 Texas, 604.

In an executory contract when the vendee makes default the vendor may consider it annulled and recover the land, or he may at his election continue it in force and proceed for the collection of the purchase money. Until default the equitable title to the land is in the vendee and the vendor's right is to receive the purchase money. He does not own both the

land and the right to the money. His claim is personal assets, and at common law at his death went to his executor and not to his heir. Nor after default can the vendor be said at any moment to have a right both to the purchase money and to the land. He has the right of election; he may either annul the contract and claim the land or he may affirm it and claim the price. Having once waived his right to rescind by a suit for the purchase money he is bound by his election, unless the vendee by some act distinctly repudiate the agreement. McPherson v. Johnson, *supra*.

In this case after default in the payment of the third note Park had the right to claim a rescission of the contract, but he waived the forfeiture and elected to proceed for the money. He had obtained a judgment and was pressing its collection by execution against Summerhill's property when the latter restrained the collection by injunction. It is unnecessary to inquire what the rights of Park were when the injunction was obtained. If he then became invested with the privilege of declaring the contract rescinded it is not shown that he attempted to exercise this right. It does not appear from the record that he ever entertained any other purpose except to claim the unpaid purchase money and to enforce its collection through the courts.

The question then arises, was this claim at the time of the testator's death real estate which passed under a general devise which conveyed his lands not otherwise specially devised, or was it merely personal estate, that is to say a claim for money. The contract not having been rescinded by him (admitting that he had the right to do so), we think his right is to be treated as a claim for money which at common law would in the absence of a will have descended to his personal representative and not to his heirs. Farrar v. Winterton, 5 Beas., 1; Eaton v. Sanxter, 6 Sim., 517; 1 Pomeroy's Eq., secs. 106, 368; 1 Williams on Exrs., 552; Dart on Vendors, 121. We conclude, therefore, that the rights of Park growing out of the transaction in controversy did not pass to appellee J. P. Hanner under that clause in his will which devised to the latter all lands not otherwise disposed of by the testament. Whether it passed to Mrs. Hanner and the wife of the testator under the other clause above quoted is a question of some difficulty. We think, however, it was the intention of the testator to bequeath to the legatees last named not only the money he should have on hand at the time of his death but also all his claims for money. To confine the bequest to the money on hand at his death would give to the words "or money arising to me" no meaning. All money to "arise to him" before his death would if not expended be on hand at his death. We think therefore that he meant to bequeath not only cash on hand when he died, but also all money collected by his executor after his death on claims then owing to him. In other words, we

are of opinion that it was his intention to bequeath by the clause referred to his credits as well as his cash.

It follows from what we have said that in our judgment the claim in controversy passed under the will of Park to his wife and to the wife of appellee J. P. Hanner. If his deed to Summerhill should be so far deemed an executory contract that the legal title remained in Park, this passed to Hanner himself, but it was but the naked legal title. It would appear, therefore, that the effect of the bequest was the same as if the testator in his lifetime had assigned the judgment, which would have been to affirm the contract and to place it beyond his power or that of his assignee to claim a rescission. We think therefore, there being no controversy about the facts bearing upon this question, the court should in its charge to the jury have construed the will and not left it to them to say what the intention of the testator was as to the disposition of this claim. The assignment that the court erred in the charge in question is well taken.

The judgment rendered in Alabama having been enjoined until 1882 would seem not to be barred. By making Mrs. Park a party plaintiff and such other parties as may be deemed necessary, the appellees may proceed to enforce their claim for the purchase money. To enable them to do so, should they so desire, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion December 7, 1888.