## FRANCES WILDER ET AL. v. ELIAS MOREN.

### Decided October 28, 1905.

**1.—Agency—Power to Appoint Substitute Trustee.**

A deed of trust provided that the appointment of a substitute trustee should be evidenced by an instrument signed and acknowledged by the payee or holder of the note. A substitute trustee was appointed by an attorney in fact who was duly authorized by the holder of the note to sell and convey all lands belonging to his principal, to collect the money and notes given therefor, to release all mortgages, and giving and granting to him "full power and authority to do and perform all° and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully, to all intents and purposes" as the said principal might or could do if personally present, "with full power of substitution and revocation." Held, the appointment of the substitute trustee by the attorney in fact was unauthorized, and a sale of land by such trustee under the deed of trust, was void.

Appeal from the District Court of Wise. Tried below before Hon. J. W. Patterson.

*T. J. McMurray,* for appellants.—Cited: Klein v. Glass, 53 Texas, 37; Jacobs v. McClintock, 53 Texas, 72; Clark v. Elmendorf, 78 S. W. Rep., 539; Gamble v. Dabney, 20 Texas, 70; Hart v. Patterson, 43 S. W. Rep., 546; Smith v. Perkins, 81 Texas, 152; Jones v. Pratt, 77 Texas, 210; Hess v. Dean, 66 Texas, 666.

*J. M. Basham, for appellee.*—In appointing a substitute trustee the manner prescribed in the deed must be observed. 2 Jones on Mortg., secs. 1785-1787.

That the power conferred on the holder of the note could not be delegated: McCormick v. Bush, 38 Texas, 318; Mechem on Agency, secs. 185, 186; Smith v. Sublett, 28 Texas, 170; Fuller v. O'Neil, 69 Texas, 351; Gans v. Palo Pinto, 71 Texas, 103; Davis v. Hughes, 12 Texas Ct. Rep., 605.

STEPHENS, ASSOCIATE JUSTICE.—This appeal is from a judgment cancelling a sale of lands situated in Wise County, Texas, made under a deed of trust by a substituted trustee, the original trustee named therein having died. The deed of trust was made to secure the payment of a promissory note in the sum of $700, payable to the order of the Bunnell and Eno Investment Company, and named William S. Eno as trustee.

On the subject of substitution it contained the following provision: "Should the said W. S. Eno, the said trustee, fail or refuse, or be unable, or disqualified from acting hereunder, the payee or holder of said note shall have power to appoint, as trustee, a substitute or successor, such appointment to be evidenced by an instrument signed and acknowledged by the payee or holder of the note, and thereupon said described property shall become vested in said substitute or successor, in trust, with all the powers, duties and obligations herein conferred upon said W. S. Eno, trustee." After the death of Eno and while Frances D. Wilder, one of the appellants, was the holder of the note secured by the deed of trust, S. M. Gose was appointed trustee instead of Eno by an instrument made and acknowledged in the name of Frances D. Wilder by H. W. Chester as attorney in fact. This instrument was executed in the State of Michigan, but when or how it was delivered to S. M. Gose does not distinctly appear, he only testifying, "I received papers from Mrs. Wilder making me substitute trustee." Mrs. Wilder seems to have been a resident of the State of Ohio and had executed a power of attorney to Henry W. Chester authorizing him to sell and convey any and all real estate which she then or thereafter might own or in which she might thereafter become interested "in State of South Dakota, or any State of the United States of America," and to collect all money paid or notes given therefor, also to execute all deed or deeds therefor and all releases of any mortgage or mortgages that she might then or thereafter own on any property wherever the same might be located, giving and granting to him "full power and authority to do and perform all and every act and thing whatsoever, requisite and necessary to be done in and about the premises, as fully, to all intents and purposes," as she might or could do if personally present, "with full power of substitution and revocation."

The case was tried before the court without a jury, and comes here without findings of fact or conclusions of law. Evidently the court was warranted in finding, if not required to find, that the appointment of S. M. Gose, who made the sale as substitute trustee, was that of Henry W. Chester acting in the name of and for the holder of the note. The general, unexplained statement of S. M. Gose that he received papers from Mrs. Wilder, so much relied on by appellants, did not require the court to find that she had delivered the power of attorney to him otherwise than through her agent, Henry W. Chester, who had executed it, if indeed the case would be materially different had she delivered it to him in person, since she had not herself signed and acknowledged the instrument of substitution as provided in the deed of trust. We therefore hold, with the trial court, that the agent of Mrs. Wilder had not power to select the trustee to make the sale, the maxim, *delegatus non potest delegare* applying, rather than the maxim, *qui facit per alium, facit per se.*

The judgment is therefore affirmed.

*Affirmed.*