MICHAEL v. CRAWFORD et al.

(Court of Civil Appeals of Texas. Galveston. June 27, 1912. On Motion for Rehearing, Nov. 1, 1912.)

1. MORTGAGES (§ 342*)—TRUST DEED—SALE—APPOINTMENT OF SUBSTITUTE TRUSTEE—ATTORNEY IN FACT—AUTHORITY.

Where the holder of a note secured by a deed of trust executed a power of attorney to G., which did not in terms authorize him to appoint a substitute trustee under authority of the deed of trust, but such attorney was in fact authorized by the holder to make such appointment, it was not necessary to the validity of the appointment, or a sale of the property by a substituted trustee appointed by him that the attorney's authority should be in writing, and hence, the attorney having been in fact authorized, an instrument subsequently executed by the holder of the note acknowledging the attorney's authority and ratifying his act in so doing was admissible as evidence of the fact to sustain the deed of the substituted trustee.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1041; Dec. Dig. § 342.*]

On Motion for Rehearing.

2. PRINCIPAL AND AGENT (§ 54*)—AGENT'S AUTHORITY—DELEGATION.

When an agency has in it no element of personal trust and confidence, the rule that an agent cannot delegate his authority does not apply.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 87–90; Dec. Dig. § 54.*]

3. MORTGAGES (§ 342*) — DEED OF TRUST—SUBSTITUTED TRUSTEE—PERSONAL TRUST.

Where a trust deed authorized the holder of a note to appoint a substituted trustee to sell the property, there was no element of personal trust or confidence reposed in the trustee by the grantor of the deed, so as to preclude the creditor's attorney in fact from exercising the power to appoint a new trustee.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1041; Dec. Dig. § 342.*]

4. MORTGAGES (§ 333*)—TRUST DEED—FORECLOSURE.

The provisions of a trust deed authorizing a sale of the property of the grantor must be strictly complied with in all their details, though such details may seem unimportant and frivolous.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1013; Dec. Dig. § 333.*]

5. MORTGAGES (§ 342*)—TRUST DEED—SUBSTITUTED TRUSTEE—APPOINTMENT.

Where the attorney in fact of the holder of a trust deed under oral authority appointed a substituted trustee to foreclose the deed, and thereafter the holder of the deed acknowledged in writing that the substituted trustee had been appointed by the holder of the deed through his attorney in fact, and that such holder ratified and confirmed the appointment as fully as if the substituted trustee had been personally appointed by him, etc., the appointment might be properly construed as having been made by the holder of the deed.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1041; Dec. Dig. § 342.*]

Error to District Court, Harris County; W. P. Hamblen, Judge.

Action by Charles L. Michael against George W. Crawford and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Charles L. Michael and Guynes & Colgin, all of Houston, for plaintiff in error. W. J. Howard, of Houston, for defendants in error.

PLEASANTS, C. J. This suit was brought by Charles L. Michael against George W. Crawford and J. A. Rose to recover a tract of 45 acres of land, a part of the John Mark's survey in Harris county. In addition to the allegations in an action of trespass to try title, the petition sought the cancellation of a trustee's deed under which defendants claim, and, in the alternative, offered to redeem by paying the amount for which the land was sold by said trustee. The defendants, in addition to a plea of not guilty, pleaded fraud on the part of the vendor of plaintiff in the procurement of a deed to the land from the defendant Crawford, and notice of said fraud on the part of the plaintiff when he purchased said land, and prayed for the cancellation of said deed. Upon the trial in the court below with a jury the court instructed the jury to return a verdict in favor of defendants, and upon the return of such verdict judgment was rendered in accordance therewith.

The first assignment of error is as follows: "The court erred in charging the jury as follows, to wit: 'Gentlemen of the jury, you

are hereby instructed that the defendant has shown title to the land in controversy under the foreclosure of the deed of trust by C. W. Hahl to John Adriance, trustee, for the use of the estate of Susan Spofford, deceased, and through the sale made by the substitute trustee, under such deed of trust, to J. A. Rose, and the deed from said Rose to defendant Crawford, and you will therefore return your verdict for the defendants.'" Nineteen propositions are presented under this assignment, and following these propositions is a general statement of the substance of all the pleadings filed in the case, and what purports to be a full statement of all the material evidence adduced upon the trial. This statement covers many printed pages of the brief. The 19 propositions submitted under the assignment present as many different questions, and the statement which follows the last of said propositions is not submitted in support of any one of said propositions, but is intended for all. In considering any one of the propositions, we would be required to go through the whole of the statement to find the portion intended to support the proposition under consideration. Rule 31 of the rules for this court governing the preparation of briefs provides that: "To each of said propositions there shall be subjoined a brief statement in substance of such proceedings or parts thereof contained in the record as will be necessary and sufficient to explain and support the proposition, with reference to the pages of the record." 102 Tex. xxx, 142 S. W. xiii. The statement submitted under these 19 propositions is made in utter disregard of this rule, and we must decline to consider the assignment.

[1] One of the deeds under which the defendant claims was executed by W. J. Howard as substitute trustee acting under a deed of trust executed by C. W. Hahl to secure a note for $800 executed by said Hahl in favor of the estate of Susan Spofford, deceased. This deed of trust provided that, in case of the failure or refusal of the trustee therein named to act, the holder of said note should appoint a substitute in writing. J. A. Rose was the owner and holder of this note at the time the sale under said trust deed was made by W. J. Howard as substitute trustee. The appointment of Howard as trustee was made in writing by J. T. Glaze, attorney in fact for J. A. Rose. The power of attorney from Rose to Glaze did not in terms authorize Glaze to appoint Howard substitute trustee, but Rose had authorized him to make such appointment, and thought that such authority was conferred by the general power of attorney executed by him to said Glaze. Some time after the sale was made, Rose executed the following instrument:

"State of Texas, County of Harris.

"Know all men by these presents: That whereas, I, J. A. Rose, did on or about the 14th day of June, 1909, acting by and through my duly and legally authorized and empowered attorney in fact, J. T. Glaze, of Harris county, Texas, by instrument of said date duly recorded in Vol. 83, page 457, of the Mortgage Records of Harris county, Texas, appoint and designate W. J. Howard, of Harris county, Texas, as substitute or alternate trustee to make a sale of property mentioned and referred to in the said instrument, of which the following is a substantial copy:

"'State of Texas, County of Harris.

"'Know all men by these presents: That whereas, I, J. A. Rose, of Polk county, Iowa, am the legal owner and holder of a note given by C. W. Hahl to John Adriance, administrator, dated October 20, 1903, and secured by a deed of trust on 160 acres of land out of the John Mark's survey in Harris county, Texas, and fully described in said deed of trust which is dated October 20, 1903, and recorded in Vol. 57, page 247, of the Mortgage Records of Harris county, Texas, and whereas the said deed of trust Henry M. Trueheart and M. F. Mott were named as trustees with power to make sale of said land according to the terms of said deed of trust; and

"'Whereas, it was provided in said deed of trust that in case of the death, inability or refusal or failure on the part of the said trustees named as successors a substitute might be named and constituted and appointed by the holder of said note without other formality than an appointment and designation in writing; and

"'Whereas, the said M. F. Mott is dead and the said Henry M. Trueheart has declined and refused to act as such trustee and make sale of said property upon being requested so to do by the holder of said note:

"'Now, therefore, I, said J. A. Rose, acting by my attorney in fact J. T. Glaze, legal owner and holder of said note do hereby nominate, constitute and appoint W. J. Howard of Harris county, Texas, substitute trustee in said deed of trust and successor of the said Henry M. Trueheart and M. F. Mott and confer upon him, the said W. J. Howard, all the title, rights, powers and duties conferred on said trustees named in said deed of trust.　　　　[Signed]　J. A. Rose,

"'By J. T. Glaze, Attorney in Fact.

)　　"'Acknowledgment.

"'State of Texas, County of Harris.

"'Before me, the undersigned authority, on this day personally appeared J. T. Glaze, attorney in fact for J. A. Rose, known to me to be the person whose name is subscribed to the foregoing instrument of writing, and acknowledged to me that he executed the same for the purposes and considerations therein expressed, and in the capacity therein stated.

"'Given under my hand and seal of office, this the 14th day of June, 1909.

"'[Seal]　　　　Charles A. Warnken,

"'Notary Public in and for Harris Co., Tex.'

"And whereas, the said J. T. Glaze was by me authorized and empowered to transact all character of business, of whatever kind or description relating to land in the state of Texas; and

"Whereas, it was my intention in the power of attorney which I heretofore executed and delivered to J. T. Glaze dated the 29th day of May, 1905, and recorded in the deed records of Harris county, Texas, Vol. 175, pages 211 and 212, to confer upon the said J. T. Glaze, my said attorney in fact, the right, power and authority to name, appoint and constitute a substitute or alternate trustee in any case or at any time it might become necessary to make sales of property under deeds of trust when the trustee named and appointed by such deed of trust declined, refused or was unable to act on account of death or any other cause whatever; and

"Whereas, there is some doubt concerning the power and authority conferred by me on the said J. T. Glaze by the said power of attorney above referred to, to name and appoint the said W. J. Howard as substitute or alternate trustee to make the said sale referred to in the instrument, a copy of which is above set out:

"Now, therefore, I, the said J. A. Rose, do hereby state, acknowledge and declare that the said W. J. Howard was appointed, named and designated as such trustee by me through my said attorney in fact, J. T. Glaze, and with my full consent and approval, and I do hereby now, in all things, approve, confirm and ratify the act of said J. T. Glaze, in naming and appointing in my name the said W. J. Howard as such trustee, and declare the said appointment and designation to have been made by me as fully and completely as if I had personally appointed and named him as such trustee, and personally signed the instrument of which the above is a copy, and I do hereby, in all things, approve and confirm all the acts of said W. J. Howard as such trustee and in making the sale referred to in the said instrument by which the said J. T. Glaze designated him as such trustee.

"Witness my hand this 9th day of March, A. D. 1910.                    J. A. Rose."

The second, third, and fourth assignments of error complain of the ruling of the court in admitting in evidence the power of attorney from Rose to Glaze, the written appointment of Howard as substitute trustee by Glaze as attorney in fact for Rose, and the instrument executed by Rose declaring that he had authorized Glaze to make said appointment and fully ratifying the same.

The objections urged to the admission of these instruments were that the power of attorney did not authorize Glaze to make said appointment, and that the ratification by Rose of the appointment made by Glaze months after Howard had made the sale could not validate the sale made by Howard which was unauthorized at the time he made it.

There is no merit in any of these assignments. The written power of attorney from Rose to Glaze did not in express terms authorize him to appoint Howard substitute trustee under said deed of trust, but he was in fact authorized by Rose to make such appointment, and it was not necessary that this authority should be delegated in writing. Glaze having been authorized by Rose to make the appointment, his appointment of Howard in writing as attorney in fact for Rose was the act of Rose and met the requirements of the trust deed. No ratification of this appointment by Rose was necessary. The instrument executed by him was a declaration and acknowledgment by him that Glaze had the authority to act for him at the time he made the appointment of Howard as well as a ratification of said appointment, and was admissible as evidence of that fact.

The fifth assignment of error is as follows: "The court erred in peremptorily charging the jury to find for the defendants because the plaintiff had made due tender in his pleadings and offered to do whatever equity should be required by the court." This assignment is no more entitled to consideration than the first assignment, and its consideration is refused for reasons before given for not considering the first assignment.

This disposes of all the assignments presented in the brief of appellant.

We find no error in the record, and the judgment of the court below is affirmed.

Affirmed.

On Motion for Rehearing.

Plaintiff in error, in a motion for rehearing filed by him, very earnestly insists that this court erred in the opinion heretofore rendered in holding that Rose, the holder of the note, could delegate the power conferred upon him by the trust deed to appoint a substitute trustee, "without other formality than an appointment and designation in writing," and that the fact that the appointment and designation in writing of such trustee was made by an attorney in fact for Rose did not render the sale by said substitute trustee void. The question presented is not free of difficulty, but we have concluded to adhere to our former holding.

[2, 3] When an agency has in it no element of personal trust and confidence, the rule or maxim, "Delegatus non potest delegare," does not apply; and it is apparent that this element could not be present when the identity of the person upon whom the power is conferred is wholly unknown at the time the power is granted, and such person only succeeds to the power by reason of his subsequent relation to the subject-matter thereof. There was certainly no element of personal trust and confidence on the part of the gran-

tor in the trust deed in any unknown person who might thereafter become the holder of the note for the security of which the trust deed was executed.

[4] It is well settled that the provisions of a trust deed authorizing the sale of the property of the grantor must be strictly followed in all of their details. Though such details may seem unimportant and frivolous, the grantor in the trust deed having deemed it proper to guard and protect his property by means thereof, for that reason they become important and must be complied with. Bemis v. Williams, 32 Tex. Civ. App. 393, 74 S. W. 332.

[5] If it should be held that the provisions of the trust deed required that the holder of the note should personally select the substitute trustee, and he was not authorized to leave such selection to an agent or attorney in fact, we think the record in this case shows that the selection was in fact made by Rose. The instrument executed by Rose, ratifying the appointment of Howard as substitute trustee, set out in our former opinion, and which was admitted in evidence, contains the following recital: "I, the said J. A. Rose, do hereby state, acknowledge, and declare that the said W. J. Howard was appointed, named, and designated as such trustee by me, through my said attorney in fact, J. T. Glaze, and with my full consent and approval, and I do hereby now in all things approve, confirm, and ratify the act of said J. T. Glaze in naming and appointing in my name the said W. J. Howard as such trustee, and declare the said appointment and designation to have been made by me as fully and completely as if I had personally appointed and named him as such trustee, and personally signed the instrument of which the above is a copy, and I do hereby in all things approve and confirm all the acts of said W. J. Howard as such trustee, and in making the sale referred to in the said instrument by which the said J. T. Glaze designated him as such trustee."

From this statement of Rose it appears that he expressly authorized the selection and appointment of Howard, and while the attorney in fact, Glaze, may have chosen or suggested Howard in the first instance, his appointment was made with the consent and approval of Rose. The selection of Howard having been with Rose's consent, we do not think the deed of trust required that the instrument in writing evidencing his designation and appointment should be signed by Rose in person, and he was authorized to execute such instrument by his attorney in fact, Glaze. We do not think this holding is in conflict with the decision in the case of Wilder v. Moren, 40 Tex. Civ. App. 393, 89 S. W. 1087. In the case cited the deed of trust required that the writing evidencing the appointment of the substitute trustee

should be "signed and acknowledged" by the holder of the note, and it is apparent that a strict compliance with this requirement would forbid the signing and acknowledgment of such instrument by an attorney in fact. In the present case the deed of trust only requires that the appointment shall be made by the holder of the note "without other formality than an appointment and designation in writing."

We think the rule, "Qui facit per alium facit per se," is applicable, and the motion for rehearing is overruled.