## HOLCOMB v. NETTLETON et al.
### No. 3936.

Court of Civil Appeals of Texas. Texarkana.
Jan. 15, 1931.

Long & Wortham and Tom L. Beauchamp, all of Paris, for appellant.

W. F. Moore, of Paris, for appellees.

WILLSON, C. J. (after stating the case as above).

It appears from the statement above that the title to the land was in appellee Mrs. Mar-

tha E. Nettleton, as determined by the trial court, unless it passed to the Scottish American Mortgage Company by force of the deed to it from W. J. Vacca, acting as a substitute trustee in the place and stead of T. M. Scott. The disposition to be made of the appeal in the view we take of the record therefore depends upon the answer made to the question as to whether the trust deed to Scott authorized the Scottish American Mortgage Company, as the holder of the notes, to act by its attorney in fact in appointing a substitute trustee.

It was held by the Supreme Court in Michael v. Crawford, 108 Tex. 352, 193 S. W. 1070, that "authority [quoting from the syllabus] to make a substitution of trustees without other formality than an appointment in writing requires the appointment to be made . by the holder of the note, and not his agent."

A difference between the case referred to and this one lies in the fact that in that one the substitute trustee was appointed by the attorney in fact of a natural person, who was owner and holder of the note, while in the instant case the substitute trustee was appointed by the attorney in fact of a corporation. Because of that difference, appellant insists the holding of the Supreme Court in the case referred to should not be treated as authority for overruling his contention that the Scottish American Mortgage Company acted within power conferred by the trust deed when it undertook by its agent to appoint a substitute trustee.

That the difference is not a material one was in effect determined by Supreme Court of Mississippi in Allen v. Alliance Trust Co., 84 Miss. 319, 36 So. 285; Watson v. Perkins, 88 Miss. 64, 40 So. 643, and Scottish American Mortgage Co. v. Butler, 99 Miss. 56, 54 So. 666, 668, Ann. Cas. 1913C, 1236, construing provisions in deeds of trust like these in the trust deed in the instant case, and holding that a corporation acting by an attorney in fact could not appoint a substitute trustee. In the case last cited, the Scottish American Mortgage Company, plaintiff in the trial court and appellant on the appeal, acting by its attorney in fact, had appointed one Stinson as a substitute trustee. In overruling a contention similar to the one urged here, the court, on the authority of the ruling in Allen v. Alliance Trust Co., supra, said (quoting): "The substitution of Stinson, by the attorney in fact for appellant [a corporation], was void, and the sale by such substituted trustee was likewise void, and appellant therefore got no title by virtue of its purchase at such sale and conveyance by the substituted trustee." The reasons for the holdings in the cases cited are stated in the opinions disposing of the appeals, and need not be repeated here. This court, of course, is bound by the holding in Michael v. Crawford, and sees no satisfactory reason for

dissenting from the holdings of the court in the Mississippi cases cited.

Appellant insists the evidence made an issue for the jury as to whether appellees were estopped from claiming title to the land as against him, and therefore that it was error to instruct the jury to return a verdict in their favor. We have read and considered the evidence referred to, and agree with the trial court it did not make such an issue.

There is, we think, no error in the judgment. Therefore it is affirmed.