## LEE v. RICHARDSON.

### No. 4123.

Court of Civil Appeals of Texas. Texarkana.

March 10, 1932.

Gossett & Harrington, of Longview, for appellant.

Scott, Casey, Hall & McHaney, of Longview, for appellee.

SELLERS, J.

This suit was instituted by Walter Richardson, appellee, on September 23, 1930, in the district court of Gregg county, against Anderson Lee, the appellant, to recover upon three vendor's lien notes executed by appellant on December 15, 1927, in favor of J. W. Akin for the sum of $300 each, bearing interest at the rate of 10 per cent. per annum. Said notes were due on December 15, 1928, 1929, and 1930, respectively, and provided for 10 per cent. as attorney's fees. Said notes were given as purchase price of 40 acres of land, a part of the I. C. Skillern survey in Gregg county. The petition alleged that the appellee was the purchaser of the notes for a valuable consideration, and closed with a

prayer for judgment for the debt with foreclosure of the vendor's lien. The suit was brought to the October term of said court, at which time all parties were granted leave to amend, and on January 21, 1931, appellee filed his first amended petition, alleging a cause of action in trespass to try title, seeking a rescission of the contract and to recover the title to the land by virtue of the superior title being in the vendor, and, in the alternative for the debt and foreclosure of the vendor's lien as sued for in the original petition.

-The appellant in his amended answer challenged the right of appellee to maintain the suit for title to the land since he had elected to bring his suit originally for the purchase money evidenced by the notes and to foreclose the vendor's lien. He further pleaded that he was entitled to certain credits on the notes, but, if the court should find that he was not entitled to the credits alleged, then he alleged that the amount of the principal, interest, and attorney's fees due upon the notes amounted to the sum of $1,351.02 on March 16, 1931, and asked that he be permitted to pay said amount into the registry of the court in full payment and satisfaction and in discharge of the said vendor's lien against the land and also tendered the amount of the accrued court costs. The amount of the tender actually paid in to the registry of the court was the sum of $1,373.97.

The case was tried to the court without the aid of a jury, and, after hearing the pleadings and evidence, the court rendered judgment for the appellee for the title to the land, from which judgment the appellant has duly prosecuted this appeal.

As we view the pleadings of the parties upon which they went to trial in connection with the original petition of appellee, the trial court was unauthorized to enter judgment for appellee for the title to the land involved.

It seems to be a well-settled rule in this state that, when a vendor brings suit upon the notes and seeks to recover the debt with a foreclosure of the vendor's lien, it is an election of remedies by the vendor, and he will not thereafter be permitted to amend his pleadings and seek first to recover the title to the land and in the alternative to recover the debt with foreclosure of the lien. Von Roeder v. Robson, 20 Tex. 754. This case has been followed consistently by the courts of this state, and, as far as our investigation reveals, the rule is subject to but one exception or modification. This modification was announced by our Supreme Court in the case of Gardener v. Griffith et al., 93 Tex. 355, 55 S. W. 314, 315, where Chief Justice Gaines, after quoting the rule announced in the case of Von Roeder v. Robson, says: "The rule is, however, subject to the modification that if, after suit, the vendee repudiate his liability under the contract, as by pleading the statute of limitation to the debt for the purchase money, the right of election may again revive, and the vendor may recover the land." Clearly, there is nothing in appellant's pleadings in this case to bring it within the rule as so modified.

The evidence upon the issue of payments was conflicting, and we are unable to tell from the record just what disposition the court made of that issue, since the judgment rendered could not have, of necessity, been dependent upon that issue of fact.

The judgment therefore will be reversed, and the cause remanded, and it is so ordered.