**BREEDING et al. v. FARM & HOME SAVINGS & LOAN ASS'N OF MISSOURI.**

No. 1460.

Court of Civil Appeals of Texas. Eastland.

Dec. 20, 1935.

Rehearing Denied Jan. 17, 1936.

Scarborough & Ely, of Abilene, for plaintiffs in error.

Smith & Eplen, of Abilene, and Greenwood, Moody & Robertson, of Austin, for defendant in error.

FUNDERBURK, Justice.

Farm & Home Savings & Loan Association of Missouri, hereinafter referred to as "the Loan Association," brought this suit against Mrs. Velma Breeding and husband Ennis R. Breeding, hereinafter referred to as "the Breedings," and also against C. M. Landers and wife, Rachel Landers, to recover, among other things, the title and possession of a certain lot of land in Abilene, Tex. The petition consisted of four counts. The first count was in the usual form of an action of trespass to try title with incidental claim for rents. The second count set out specially plaintiff's title from C. M. Landers, an alleged common source, and prayed judgment validating such title. The third count was an action against the Breedings upon their note secured by the deed of trust through a sale under which title was claimed in the second count to recover the balance due thereon after crediting said note with the proceeds of the sale of said land. By the fourth count, expressly alternative to the first count, plaintiff offered to deed to the defendants, or such of them as held under the others through a valid and subsisting deed to the land, any and all right, title, and interest acquired by plaintiff by

virtue of the sale to it of said premises under the power of sale in the deed of trust "together with a valid and subsisting agreement of its lien and note secured thereby, in the event said sale is held to be invalid" upon payment to plaintiff of the amount due upon the note with attorney's fees and costs. The Breedings answered by general demurrer, special exception to the third count, raising a question of Mrs. Breeding's coverture, a general denial and plea of not guilty. C. M. Landers and wife filed a disclaimer. Plaintiff dismissed its third and fourth counts. Upon a nonjury trial, the court gave plaintiff judgment for the title and possession of the land, also awarding recovery of $135 as rents. The judgment also declared that said foreclosure was held "in strict conformity to the provisions contained in said deed of trust * * * and the same is hereby in all things validated and found to be legal and in strict conformity with the terms and conditions contained in said deed of trust" etc. The Breedings have brought the case to this court upon writ of error.

The Breedings contend in the first place, in substance and effect, that the sale and conveyance of the land by C. W. Gill to the Loan Association under the purported authority of the deed of trust was void because R. E. Stevenson, ancillary receiver in Texas of the Loan Association, had no authority under the terms of the deed of trust to appoint the said Gill as substitute trustee.

Lee B. Ewing was named as trustee in the deed of trust. That instrument provided that if the named trustee "fail or refuse or by any reason be unable or disqualified from acting hereunder, the said Association, its successors or assigns, shall have the power, and authority to that end is now given and granted, to appoint a substitute trustee, which appointment shall be fully and effectively evidenced by an acknowledged instrument signed by said Association, its successors or assigns." The appointment of C. W. Gill as substitute trustee was made by R. E. Stevenson, receiver of the Loan Association. The instrument by which such appointment was attempted to be made recited the appointment and qualification of Stevenson as such receiver; the fact that the Loan Association was the beneficiary in two deeds of trust by reason whereof each was subject to foreclosure under their terms and the laws of Texas; that Lee B. Ewing, the trustee named in each of said deeds of trust, had refused to act and had resigned as trustee, and then provided that "Now, therefore, be it known that I, R. E. Stevenson, receiver of the Farm & Home Savings & Loan Association of Missouri, the legal owner and holder of the debts secured by the deeds of trust hereinafter listed, do in the case of each of said deeds of trust declare the whole indebtedness secured by the deeds of trust due and payable, accept the resignation of Lee B. Ewing as said trustee under said instruments, and hereby appoint the person hereinafter named as substitute trustee thereunder with instructions to exercise the power of sale granted." Thereinafter was named the deed of trust in question and C. W. Gill as the appointed substitute trustee. The instrument was signed by "R. E. Stevenson receiver of the Farm & Home Savings & Loan Association of Missouri," and was acknowledged by him in the same capacity.

The question for decision is whether Stevenson as such receiver had authority to appoint a substitute trustee under the provisions of the deed of trust. The facts are undisputed, and hence it is unnecessary that we determine any question of the effect of the recitations in the deed of trust, or in the appointment of the substitute trustee, as affecting the burden of proof to show compliance with the terms of the deed of trust. If Stevenson, as receiver, had authority under the terms of the deed of trust to appoint the substitute trustee, it was only because he was so authorized as an agent of the Loan Association. We think as against the contractual rights and duties of the parties the law could confer upon him no more authority in respect to this question than the Loan Association could confer upon him as its agent. We deem it unnecessary to determine the questions, extensively discussed in the briefs, of whether he was given by law the authority of an agent. Conceding, without deciding, that he was an agent, we are forced to the conclusion under the authority of Michael v. Crawford, 108 Tex. 352, 193 S.W. 1070, 1071; Wilder v. Moren, 40 Tex.Civ.App. 393, 89 S.W. 1087; Holcomb v. Nettleton (Tex.Civ.App.) 35 S.W.(2d) 745, that the receiver as such agent could not make a valid appointment of a substitute trustee under the terms of the deed of trust. In Michael v. Crawford, supra, the Supreme Court, referring with approval to Wilder v. Moren, supra, as con-

clusive of the question under consideration, said: "There, the deed of trust provided, as does this one, that the payee or holder of the note should have the power of appointment. An attorney in fact for a subsequent holder made the appointment. It was declared to be unauthorized and void. It is urged that the decision is to be distinguished in that the deed of trust there in terms required that the appointment be evidenced by an instrument 'signed and acknowledged by the payee or the holder of the note,' showing, it is said, that no one but the payee or a holder was authorized to make the appointment. We regard the present deed of trust as no less plain or emphatic. It gives the payee or holder of the note authority to make the substitution 'without other formality than an appointment or designation in writing.' This means that the written designation was to be executed by the persons to whom the power of the appointment was given. It was expressly given only to the payee of the note or a holder of it. The Supreme Court of Mississippi has also determined the question. Watson v. Perkins, 88 Miss. 64, 40 So. 643. It was held that the power of appointing a substitute trustee in such an instrument is personal and cannot be delegated to an agent or attorney in fact." To the same effect was cited Crosby v. Huston, 1 Tex. 203. In Holcomb v. Nettleton, supra, it was held that the lack of authority of an agent to make the appointment as declared in Michael v. Crawford, supra, applied where a corporation was authorized by the terms of the deed of trust to make the appointment of a substitute trustee. Upon the authority of these decisions, we think the receiver was without authority to make a valid appointment, and hence the sale was void and passed no title.

The Loan Association, by a counter proposition, contends that even if such sale was void and no title passed by the deed of the substitute trustee, the court nevertheless rendered the only judgment which under the pleadings and evidence could properly be rendered, and should be affirmed. It is argued that the Loan Association had legal title to the land by virtue of being the grantee of the title and rights of C. C. Compere and A. Q. Echols—Compere being the vendor of Echols and Echols being the vendor of Landers—the purchase money for each conveyance being included in the indebtedness to secure which said deed of trust by Landers in favor of the Loan Association was given.

We shall assume that before the attempted foreclosure of the deed of trust lien by the sale of the land by Gill as substitute trustee to the Loan Association, the latter had such legal title as gave it the right of election either to foreclose the lien, or to rescind and recover the land. It is a well-established general rule that one holding a vendor's lien and also having legal title to the land covered by such vendor's lien such as remains in a vendor of land under an executory contract of sale, has, upon default in payment of the obligation secured by the vendor's lien, an election to rescind the sale and recover the land, or to establish his debt and foreclose the lien, but if he elects the latter, the legal title will thereby vest in the grantee of the land. Gardener v. Griffith, 93 Tex. 355, 55 S.W. 314, 315; Bartley's Heirs v. Harris, 70 Tex. 181, 7 S.W. 797; Summerhill v. Hanner, 72 Tex. 224, 9 S.W. 881; Thompson v. Robinson, 93 Tex. 165, 54 S. W. 243, 77 Am.St.Rep. 843; McPherson v. Johnson, 69 Tex. 484, 6 S.W. 798; Coddington v. Wells, 59 Tex. 49; Roberts' Heirs v. Lovejoy, 60 Tex. 253; McAnally v. Texas Co. (Tex.Civ.App.) 32 S.W.(2d) 947; Zeigler v. Sawyer (Tex.Civ.App.) 16 S.W.(2d) 894; Walls v. Cruse (Tex.Com. App.) 235 S.W. 199; Hill v. Preston, 119 Tex. 522, 34 S.W.(2d) 780; Moon v. Sherwood (Tex.Civ.App.) 180 S.W. 296; Lee v. Richardson (Tex.Civ.App.) 47 S.W.(2d) 511.

An exception to the foregoing proposition is that "If, after suit, the vendee repudiate his liability under the contract, as by pleading the statute of limitation to the debt for the purchase money, the right of election may again revive, and the vendor may recover the land." Gardener v. Griffith, supra; McPherson v. Johnson, supra. The rule embraced in the proposition before stated has also been held not to apply in favor of a subvendee of the original vendee where such subvendee is not made a party to the foreclosure proceedings. Ufford v. Wells, 52 Tex. 612; Foster v. Powers, 64 Tex. 247; Stone L. & C. Co. v. Boon, 73 Tex. 548, 549, 11 S.W. 544; Gardener v. Griffith, supra; Thompson v. Robinson, supra. Unlike a foreclosure by suit, in a foreclosure by sale under power in a deed of trust, subvendees with knowledge of the outstanding lien and power of sale are par-

ties to the foreclosure. Hampshire · v. Greeves, 104 Tex. 620, 143 S.W. 147; Thompson v. Litwood Oil & Supply Co. (Tex.Civ.App.) 287 S.W. 279; Farm & Home Sav. & Loan Ass'n v. Muhl (Tex. Civ.App.) 37 S.W.(2d) 316. Hence, the last-named exception, if it be an exception, is of no importance in the present inquiry.

■ We think there are two good reasons, each independent of the other, why the judgment in this case cannot be affirmed on the ground contended for. In the first place, we think the Loan Association did not in its petition undertake to state a cause of action for recovery of the land based upon a claim of its having legal title to the land independently of the attempted foreclosure proceedings. It specially pleaded its title from an alleged common source and we think thereby it limited the scope of its proof to the title thus specially pleaded. It may be true that, ordinarily, when a plaintiff pleads in different counts, the counts are not required to be expressly one alternative to another. But, in the Loan Association's petition the fourth count was expressly alternative to the first count, thus indicating that it was not intended that the second count should be alternative to the first. The trial court seems to have construed the effect of the second count to be a particularization of plaintiff's title claimed in the first count in that the judgment was based partly on count one in awarding a recovery of rents, and partly upon two in adjudging the validity of the foreclosure proceedings. Hence, we think that the proper construction of plaintiff's petition was such as to limit it to the proof of the title specially pleaded.

■■ In the second place, the evidence, we think, did not support a judgment for the Loan Association upon the theory that although the sale under the deed of trust was void, it was entitled to recover by virtue of having legal title to the land. The legal title which the Loan Association may have had according to the evidence was not one emanating from Landers as the common source with the title of defendants. Such title emanated from Compere and Echols further back in the chain of title than Landers. Then again, there was no evidence of any notice to the Breedings of a purpose to rescind the sale and to claim title by virtue of being the grantee of the rights and title of Compere and Echols. The proposition, we think, is well fortified by authority that a vendor, having elected to affirm an executory sale of land and enforce payment of the remainder of the purchase price, cannot thereafter, except with the consent of, or notice to, the vendee, change such election and disaffirm the sale. Walls v. Cruse (Tex.Com.App.) 235 S.W. 199; Phillips v. Herndon, 78 Tex. 378, 14 S.W. 857, 22 Am.St.Rep. 59; Dillingham v. Kerr (Tex. Civ.App.) 139 S.W. 911; Tom v. Wollhoefer, 61 Tex. 277.

■ The Breedings, being the defendants in possession, did not find themselves in a position which made it necessary for them to appeal to the equity powers of the court. Had the Loan Association been in possession and sued by the Breedings as plaintiffs, then it may be that the latter would have had to tender payment of the balance due upon their debt. Such a view seems to be supported by Crafts v. Daugherty, 69 Tex. 477, 6 S.W. 850. The record in this case does not show repudiation of the debt by the Breedings. It is entirely consistent with the record in this case that they recognized their liability for the debt and had simply failed to pay it because of inability, or for some reason not involving a repudiation of liability, for its payment. Their defense in this case merely challenges the validity of the foreclosure. This, we think, they have the right to do. They are entitled to the possession until they are notified of an election on the part of the Loan Association to rescind the sale to them and to claim the land or until the association procures a valid foreclosure of its lien.

It is therefore our conclusion that the judgment of the court below should be reversed, and the cause remanded, which is accordingly so ordered.