### Charles L. Michael v. George W. Crawford et al.

No. 2493.    Decided April 11, 1917.

**1.—Power of Sale—Trust Deed.**

The maker of a deed of trust conferring power of sale has the right to impose upon its exericse such condition as he deems necessary, and such limitations as he does impose must be strictly followed.    It is a power which admits of no substitution and of no equivalent.    (P. 354.)

**2.—Same—Substitute Trustee.**

The power to appoint a substitute trustee for the execution of the power of sale can be exercised only through the express authority of the instrument creating such power.    (P. 354.)

**3.—Same—Case Stated.**

A trust deed conferred power of sale, on default in payment of the note secured, upon two trustees, of whom one died and the other declined to act. It provided that in such event the beneficiary, or the holder of the note, might appoint a sucessor by designation in writing.    Sale of the land was made by a substitute trustee appointed by one acting under a general power of attorney from the holder of the note to buy and sell land and to execute and release liens.    The holder of the note, after the sale, attempted to ratify the act of his attorney by a recorded instrument in writing.    Held that the sale by substitute trustee so appointed was invalid, such substitution not being made in pursuance of the power conferred by the trust deed.    (Pp. 353-356.)

**4.—Cases Followed.**

Crosby v. Houston, 1 Texas, 203, and Wilder v. Moren, 40 Texas Civ. App., 393, followed.    (Pp. 354, 355.)

**5.—Agency—Delegation of Personal Trust.**

The right to appoint a substitute trustee under a power of sale is in the nature of a personal trust, not to be delegated, and can be exercised only by a person on whom it has been conferred in accordance with the terms of the power.    (Pp. 355, 356.)

Error to the Court of Civil Appeals for the First District, in an appeal from Harris County.

Action by Michael against Crawford and another. Judgment for defendants was affirmed on error prosecuted by plaintiff (150 S. W., 465) and he then procured writ of error from the Supreme Court.

*Guines & Colgin* and *Chas. L. Michael,* for plaintiff in error.—The power of attorney from Rose did not confer upon the agent, Glaze, the power to appoint a substitute trustee. Gouldy v. Metcalf, 75 Texas, 456.

The appointment, made by an agent of the holder of the note, does not meet the requirements of the trust deed, and is void. Wilder v. Moren, 40 Texas Civ. App., 393; Gouldy v. Metcalf, 75 Texas, 456; 1 A. & E. Enc., 999, 1000; Wharf Co. v. Gulf, C. & S. F. Ry. Co., 81 Texas, 500; 28 A. & E. Enc., 783-4; Bemis v. Williams, 32 Texas Civ. App., 393, 74 S. W., 332. As to confirmation, see Bemis v. Williams, 32 Texas Civ. App., 393, 74 S. W., 332; Clark & Skyles Agency, vol. 1, No. 114-115.

*Howard & Kendall,* for defendants in error.—It having been impossible for the maker of the deed of trust, at the time same was executed, to know who would be the holder of the debt after maturity and default, there was in this case (as distinguished from the case of Boone v. Scarborough, 86 Texas, 74) no personal trust created or authority given that could not be delegated and exercised by another, and Rose, the holder of the note, not being by the contract restricted from so doing, had the right and authority to delegate to Glaze the matter of selecting and appointing the substitute and of executing the "instrument in writing" evidencing such appointment.

The Court of Civil Appeals having found as a fact that Rose, the holder of the notes, consented to and approved the appointment of the substitute trustee at the time of the appointment, his was equivalent to an appointment by Rose acting personally. The signing of Rose's name to the "instrument in writing" was a mere ministerial act which he could authorize Glaze or anyone else to do for him.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The case involves the validity of an appointment of a substitute trustee for the execution of the power of sale conferred in a deed of trust upon real estate and the sale thereof under the power by such trustee.

The deed of trust was given by C. W. Hahl to secure a purchase money note for land in favor of the administrator of the estate of Susan Spofford. It provided that in case of the death of the trustees named in the instrument or their refusal or failure to act, a successor might be appointed by the beneficiary, or the holder of the note, without other formality than an appointment and designation in writing. J. A. Rose became the holder of the note. Of the two trustees named in the deed of trust, one died and the other declined to execute the power of sale after default in the payment of the note. A substitute

trustee was then appointed by J. T. Glaze, who acted in the matter as attorney in fact for Rose under a general power of attorney granting him authority to buy and sell real estate and vendor's lien notes, execute and release liens and to 'make leases, etc. The land was advertised and sold by the substitute trustee so appointed. Some months after the sale Rose attempted to ratify Glaze's appointment of the trustee by a recorded instrument in writing in which he recited that the appointment was made with his consent and approval.

The power of sale in a deed of trust is an important power. It is a method provided for the transferring of one man's property to another. The maker of the instrument has the right to impose upon its exercise such conditions as he deems necessary, and such limitations as he does impose must be strictly followed. It is a power which admits of no substitution and of no equivalent. Crosby v. Huston, 1 Texas, 203; Boone v. Miller, 86 Texas, 74, 23 S. W., 574; Perry on Trusts (3d ed.), sec. 602.

It was declared by Lord Mansfield:

"That the intent of the parties who gave the power ought to govern every construction. He to whom it is given has a right to enjoy the full exercise of it. They over whose estate it is given have a right to say it shall not be exceeded. The conditions shall not be evaded; it shall be strictly pursued in form and substance; and all acts done under a special authority not agreeable thereto nor warranted thereby must be void." 1 Burrows' Reports, 120.

In Perry on Trusts, supra, it is said:

"It must be constantly borne in mind that the power of sale given in the deed or mortgage must be strictly followed in all its details. The power of transferring the property of one man to another must be followed strictly, literally, and precisely. Such a power admits of no substitution and of no equivalent, even in unimportant detail. If the power contains the details, the parties have made them important; and no change can be made even if the mortgagor would be benefited thereby, nor if a statute provides a different manner. If the power is not executed as it is given in all particulars, it is not executed at all, and the mortgagor still has his equity of redemption."

The power to appoint a substitute trustee for the execution of the power of sale is not inherent in the cestui que trust. It is only through the express authority of the instrument that the power can be exerted. Jones on Mortgages, sec. 1774; Clark v. Wilson, 53 Miss., 119. It can be exercised only by those persons to whom it is expressly given, declares a recognized authority upon the subject. Hill on Trustees, p. 183.

The question was ruled upon by the Court of Civil Appeals for the Second District in Wilder v. Moren, 40 Texas Civ. App., 393, 89 S. W., 1087. There, the deed of trust provided, as does this one, that the payee or holder of the note should have the power of appointment. An attorney in fact for a subsequent holder made the appointment. It was declared to be unauthorized and void. It is urged that the decision

is to be distinguished in that the deed of trust there in terms required that the appointment be evidenced by an instrument "signed and acknowledged by the payee or the holder of the note," showing, it is said, that no one but the payee or a holder was authorized to make the appointment. We regard the present deed of trust as no less plain or emphatic. It gives the payee or holder of the note authority to make the substitution "without other formality than an appointment or designation in writing." This means that the written designation was to be executed by the persons to whom the power of the appointment was given. It was expressly given only to the payee of the note or a holder of it.

The Supreme Court of Mississippi has also determined the question. Watson v. Perkins, 88 Miss., 64, 40 So., 643. It was held that the power of appointing a substitute trustee in such an instrument is personal and can not be delegated to an agent or attorney in fact.

In Crosby v. Huston, 1 Texas, 203, the beneficiaries of the deed of trust were Lacoste, Herman and Briggs, who composed a partnership. It appears from the decision that the instrument provided that the power of appointing a substitute trustee should be exercised by the three partners jointly. A substitute appointment was made by two distinct instruments, one signed by Lacoste for himself and as attorney of Herman and Briggs, and the other being later executed by Herman and Briggs but not by Lacoste. It was held in an opinion by Chief Justice Hemphill that while the two instruments taken together constituted a sufficient execution of the power of appointment, the act of Lacoste alone, where he attempted to make the appointment for himself and as agent for the other two beneficiaries, conferred no authority.

It is argued that the maker of the deed of trust could not have intended to repose any confidence or trust in an unknown holder of the note, and, therefore, no reason exists for denying to such a holder the delegation of the power. True, the maker could not foresee who would come to be a holder of the note, and it can not be strictly said that the power was granted on account of personal confidence in the donee. But sufficient reasons can be advanced for the provision of the instrument that only a holder of the note should exert the power. He has an interest in the security and in the due exercise of the power of sale not possessed by an agent. The selection of a substitute trustee always involves choice and discretion. It requires good faith, and the designation of only such a person as will conduct the sale with entire fairness. A power whose exercise involves discretion is not delegable. The trustee, it is to be remembered, is the agent both of the maker of the deed of trust and the cestui que trust. Jones on Mortgages, sec. 1771. Because of these considerations the maker might well be willing to allow a holder of the note to make the appointment in the event the original trustee failed to act, but for the same reasons be wholly unwilling that a mere agent should have the authority. It is to be supposed that the maker, in granting the power of appointment, has determined who shall

exercise it. It is his right to restrict its exercise to certain persons or to a certain class of persons. It is a strict power, and the exact conditions imposed in the granting of it should, therefore, be respected.

The judgments of the Court of Civil Appeals and District Court are reversed because of the invalidity of the appointment of the substitute trustee and the sale by him of the land, and the cause is remanded to the District Court for further trial.

*Reversed and remanded.*