**WEST TEXAS CONST. CO. et al. v. ARNOLD.**

**No. 1378.**

Court of Civil Appeals of Texas. Eastland.

June 29, 1934.

Rehearing Denied Sept. 21, 1934.

Davidson, Doss & McMahon, of Abilene, for appellants.

L. W. Dumas, of Fort Worth, and C. S. Arnold, of San Antonio, for appellee.

FUNDERBURK, Justice.

This suit, as brought in the court below, by W. E. Arnold against West Texas Construction Company, the city of Abilene, Burl Wheeler, sheriff, Michigan Realty Company, and Potomac Mortgage Company, comprised two distinct actions. One was for trespass to try title to certain land in Taylor county against all the defendants except Burl Wheeler. The other was for injunction against West Texas Construction Company, the city of Abilene, and Burl Wheeler, sheriff, to prevent a sale of the same land under foreclosure proceedings for a period of six months, or such time as the court should determine, not to extend beyond February 1, 1935. The last-named action was in no way ancillary to the action to try title. Upon hearing, the injunction was granted under the provisions of chapter 16, p. 42, General and Special Laws, Second Called Session of the Forty-Third Legislature (moratorium statute of 1934 [Vernon's Ann. Civ. St. art. 2218b note]). The appeal is by West Texas Construction Company and the city of Abilene, and brings before us for review only the injunction feature of the case.

Appellants do not question the validity of said moratorium statute. They do not question the correctness of the action of the court below in granting the injunction, providing appellee was the owner of the land. Appellants' sole contention is that appellee was not the owner of the land, and therefore had no such interest in it as would entitle him to enjoin the threatened sale thereof.

On August 5, 1931, the land in question was conveyed to appellee by C. B. Amyx and wife, "subject to any and all encumbrance shown by records of Taylor County, Texas." There was at that time a deed of trust of record in Taylor county, Tex., given by John Bagby and wife, former owners of the land, to secure a $6,000 indebtedness. This deed of trust, after providing, upon certain contingencies, for the appointment of a substitute trustee, contained, among others, a provision as follows: "Any new trustee or substitute appointed hereunder shall execute, acknowledge and deliver to the grantors an instrument accepting such appointment hereunder, which said instrument shall be duly recorded in the office of the County Clerk of Dallas, Texas, and thereupon such new trustee, or substitute, shall become invested with identically the same title to said premises, and the same rights and powers, subject to the same duties as the trustee hereunder." Boyd Porter, Jr., having been appointed substitute trustee, on October 23, 1930, signed and acknowledged the prescribed acceptance which was recorded in the deed records of Taylor county on November 5, 1930, and in the deed records of Dallas county on October 20, 1933. Sale of the land by said substitute trustee was made October 6, 1931, to Michigan Realty Company. The deed, among other things, recited in effect that the substitute trustee had complied with all the terms and conditions under said deed of trust, and with all requirements provided by the statutes of Texas.

The precise question presented for our determination is whether the fact that said acceptance of appointment by the substitute trustee was not of record in Dallas county at the time the sale was made rendered the sale void. The question is not free from difficulty. It is undoubtedly the settled law that "a power of sale contained in a mortgage or trust deed must be strictly pursued and all its terms and conditions fully complied with in order to render the sale valid." 41 C. J. 943, § 1377; Michael v. Crawford, 108 Tex. 352, 193 S. W. 1070; Smith v. Allbright (Tex. Civ. App.) 261 S. W. 461; Boyd v. Johnson (Tex. Civ. App.) 233 S. W. 864; Bowman v. Oakley (Tex. Civ. App.) 212 S. W. 549; Irion v. Yell, 62 Tex. Civ. App. 522, 132 S. W. 69; Clark v. Burke (Tex. Civ. App.) 39 S. W. 306.

Two lines of inquiry are suggested: First. Was it the intention of the parties to the deed of trust, as evidenced by the terms thereof, that the recording of the acceptance should be a condition upon the performance of which the power of sale was dependent? Second. Is the provision for recording the acceptance one that can be waived?

The purpose of the provision is not clearly manifest. The land was not situated in Dallas county. Neither the grantors nor the trustee resided in that county. The most reasonable explanation which suggests itself is that a form of trust deed was used which was designed for use exclusively in Dallas county, and by oversight the change was not made substituting Taylor county for Dallas county. Whatever the true intention was as to whether the acceptance was to be recorded in Dallas county or Taylor county, the first material inquiry is: Was it the intention of the parties, as expressed in the deed of trust, that the acceptance should be recorded before the substitute trustee would be authorized to make the sale? The fact that the acceptance when signed and acknowledged was required to be delivered to the grantors shows two things: It shows that the provision was for the benefit of the grantors. It further shows that the grantors were to have the possession of said instrument. It was not stipulated in the deed of trust whose duty it was to have the acceptance recorded. But that was unnecessary. The grantors' duty to do so was clearly implied from the provisions making them the rightful possessors of the instrument so executed and delivered to them for their benefit. It must be presumed, we think, that the acceptance after being signed and acknowledged was delivered to the grantors. It was soon recorded in the deed records of Taylor county. Being an instrument affecting the title to land situated in that county, it was properly so recorded, and independently of any provision for its being recorded in Dallas county. The same presumption exists, we think, as is applicable to deeds. The due registration of a deed is prima facie evidence of the delivery thereof. City of San Antonio v. San Antonio Academy (Tex. Civ. App.) 259 S. W. 995; Holmes v. Coryell, 58 Tex. 680; Emory v. Bailey, 111 Tex. 337, 234 S. W. 660, 18 A. L. R. 901; Newton v. Emerson, 66 Tex. 142, 18 S. W. 348; Luzenberg v. Bexar Building & Loan Ass'n, 9 Tex. Civ. App. 261, 29 S. W. 237; Owens v. Jackson (Tex. Civ. App.) 35 S.W.(2d) 186; McAnally v. Texas Co. (Tex. Civ. App.) 32 S. W.(2d) 947. Is it a reasonable supposition that the parties contemplated that the grantors in the deed of trust should have the power to defeat the sale by their simple failure to record the acceptance? It is contrary to an elementary principle of law that one may by his own failure of duty defeat the contract rights of another in a contest between them. Any construction of the deed of trust which ascribes to the parties an intent to grant such power to one of them should be avoided, if any other reasonable construction can be given it. We think the provision in question is susceptible to the construction that it was designed merely to authorize, so far as the parties could do so, the recording of the acceptance, and was not intended as a condition precedent to the exercise of the power of sale otherwise clearly granted. In other words, we think the provision was parenthetical, and that the thing to be done as to which it was provided that "thereupon such new trustee or substitute shall become vested," etc., was not the recording of the instrument, but the execution and delivery of it to the grantors.

We are of the opinion that, the provision being for the benefit of the grantors in the deed of trust, the latter, by their long delay in recording the acceptance in Dallas county, and the fact that they did finally record same, thereby waived the requirement, if any, that same be recorded before the sale. By such inaction they should be held to have acquiesced in the sale without the acceptance being recorded in Dallas county. "The acquiescence of the mortgagor, or maker of a trust deed in the conduct of the sale will cure any defect in the posting of the notices of sale in the absence of fraud or collusion." 41 C. J. 964, § 1409; Walker v. Taylor (Tex. Civ. App.) 142 S. W. 31. Such a rule applicable to a failure to post notices as stipulated

in a deed of trust would seem to us to be equally applicable to a provision like the one under consideration. See, also, Bookhout v. McGeorge (Tex. Civ. App.) 65 S.W.(2d) 512; J. M. Radford Grocery Co. v. Shaw (Tex. Civ. App.) 9 S.W.(2d) 419.

■■ We must presume, we think, that the grantors in the deed of trust filed the acceptance for record in Dallas county when it was filed. The instrument being presumptively in their possession, who else can reasonably be supposed to have filed it? What purpose could the filing of same serve, except to supply additional evidence of the title of the purchaser under the sale made by the substitute trustee? Such action would clearly imply a waiver on the part of the grantors if the requirement was one that could be waived. We think the provision being for the grantors' benefit was subject to waiver by them. To justify the holding that this record shows conclusively as a matter of law that no title passed by the sale under the deed of trust, it must necessarily be true that under no circumstances could the sale be valid. We think the record shows that the grantors could waive, and did waive, the requirement in so far as it could affect the title. As against such waiver we think it cannot be said as a matter of law that title to the land did not pass by the deed of the substitute trustee.

It is therefore our conclusion that the court erred in granting the injunction, that the judgment of the court below should be reversed, and the injunction proceeding be dismissed, which is accordingly so ordered.