## FAINE et ux. v. WILSON et al.

### No. 11760.

Court of Civil Appeals of Texas. Galveston.

Jan. 16, 1946.

Rehearing Denied Feb. 14, 1946.

Alton King, of Palestine, for appellants.

Justice, Moore & Justice, of Athens, for appellees.

CODY, Justice.

This is a formal trespass ·to try title action by appellees against appellants for a tract of land in Anderson County, described by metes and bounds in appellees' petition. The principal defense urged by appellants was that the substituted trustee's deed to Mrs. J. J. Cummings (who was appellees' predecessor in title) was void. The grounds advanced by appellants for claiming that said substitute trustee's deed was void will hereinafter be discussed. At the conclusion of the evidence the court withdrew the case from the jury and rendered judgment for title and possession of the land to appellees.

The agreed common source of title was Eliza Roberts. By mesne conveyances, title became vested in appellant Frank Faine, on September 15, 1925, burdened with an indebtedness of one W. H. Miller to the Oklahoma Farm Mortgage Company in the sum of $1,000, which said indebtedness is described in a deed of trust given by the said W. H. Miller and wife to Andrew Kingkade, trustee, under date of January 29, 1923; and which is further described in the assignment thereof from said Oklahoma Farm Mortgage Company to Mrs. J. J. Cummings, on May 3, 1923; and said indebtedness is further described and referred to in the aforesaid deed conveying the land to said appellant, Frank Faine, as becoming due October 1, 1932.

It was made to appear that on June 1, 1928, the Oklahoma Farm Mortgage Company was adjudged to be an insolvent corporation by a district court of the State of Oklahoma, and a receiver was appointed to take over and manage its business and assets, and its officers, agents and attorneys were enjoined from thereafter performing any act in the name of said corporation. (This was after said corporation had parted with all interest in said indebtedness and lien securing it.)

Thereafter, by an instrument which was dated May 7, 1929, and which was executed by Andrew Kingkade, and by the Oklahoma Farm Mortgage Company through its Vice-President and attested by its Secretary, which said instrument was also executed by Mrs. J. J. Cummings (who was a widow at all material times), it was declared that a default had been made in the payment of the aforesaid $1,-000 indebtedness, and that the aforesaid trustee named in the deed of trust securing the payment thereof had been requested to perform his duties under the trust and to make sale of the property, but had refused so to do, and said instrument then provides:

"Now, therefore, the said Andrew King-kade does hereby resign said trusteeship and Oklahoma Farm Mortgage Company, original payee of said indebtedness, and Mrs. J. J. Cummings, present owner and holder thereof, hereby designate and appoint John W. Easterwood as substitute trustee under the terms and conditions of said instrument, and the said John W. Easterwood is hereby vested with all the former rights, and title by the said deed of trust conferred upon the said original trustee, and shall execute the said trust." Said resignation of trustee and appointment of substitute trustee was filed for record May 21, 1929.

By substitute trustee deed dated June 4, 1929, said John W. Easterwood, as substitute trustee, conveyed the land to Mrs. J. J. Cummings as the highest bidder for cash. The relevant terms of the deed of trust and of the substitute trustee's deed will be given hereafter.

Thereafter Mrs. J. J. Cummings died intestate and left her sole and surviving heir, appellee, Mrs. Lucille Cummings Wilson.

Appellants predicate their appeal upon six points. The first such point is in substance:

That the undisputed evidence shows that the indebtedness, which was secured by the deed of trust under which appellees claim (and which was purportedly foreclosed on June 4, 1929), did not become due until October 1, 1932.

Of course, the burden was upon appellees to establish that the default upon which the foreclosure was predicated occurred prior to such foreclosure. A trustee has no power to sell the debtor's property, except such as may be found in the deed of trust, and the powers therein conferred must be strictly followed. Michael v. Crawford, 108 Tex. 352, 193 S.W. 1070; Bemis v. Williams, 32 Tex.Civ.App. 393, 74 S.W. 332; Smith v. Allbright, Tex.Civ. App., 279 S.W. 852; 29 Tex.Jr. 975; Slaughter v. Qualls, 139 Tex. 340, 162 S.W.2d 671. No good purpose would be served in reviewing the evidence by which a prima facie case was made out that an installment of interest in the sum of $70 became due on said indebtedness on October 1, 1928, and same was not paid whereupon the holder of the indebtedness exercised her option to accelerate the maturity of the indebtedness. Suffice it to say that such prima facie case was made out by the recitals of the substitute trustee's deed. And it was provided by the eighth paragraph of the deed of trust that recitals made in the trustee's deed as to the non-payment of the money secured by the deed of trust (as well as other enumerated facts) should establish the truth thereof prima facie. It is well settled that recitals occurring in the written refusal of the trustee to act and appointment of the substitute trustee, and the recitals in the substitute trustee's deed of the occurrence of the facts required to effectuate such substitute trustee's deed, when taken in connection with the provisions of the deed of trust providing that such recitals shall establish the truth thereof prima facie, do in fact make out a prima facie case of the regularity and validity of the sale, if not rebutted. Chandler v. Guaranty Mortgage Co., Tex.Civ.App., 89 S.W.2d 250; Whittaker v. Schlanger, Tex.Civ.App., 139 S.W. 177. We overrule appellants' first point.

Appellants' second point is to the effect that there was no evidence that the Oklahoma Farm Mortgage Company ever requested the original trustee to sell the property in question. We understand by said point that appellants mean to contend that, even though the record may show and the original trustee's designation may show that said original trustee was duly requested by Mrs. Cummings, the owner of the indebtedness at the time of the foreclosure, and was likewise requested by the Oklahoma Farm Mortgage Company, to sell the property in question, such request must in law be treated as a nullity. This, because the Farm Mortgage Company was then in receivership, and its officers incapacitated to act in its name. That there-

fore such request, insofar as it was made by the Farm Mortgage Company, was in legal contemplation a nullity. Conceding this to be true, it follows that the action by the Farm Mortgage Company in making such request and appointing a substitute trustee had no legal effect. But when the Farm Mortgage Company assigned said indebtedness and deed of trust to Mrs. Cummings, it had the legal competence to do so.

As pointed out by appellee, the tenth paragraph of the deed of trust provides: "All the terms, conditions, covenants, agreements, stipulations and obligations herein set forth and contained, shall be binding upon and inure to the benefit of the heirs, successors, executors, administrators, representatives and assigns of the several parties hereto." Mrs. Cummings, as the assignee of the Farm Mortgage Company, and the owner of the indebtedness, by reason of the quoted provision, succeeded to the right originally possessed by said Farm Mortgage Company in connection with said indebtedness, to accelerate its maturity, and to request the original trustee to foreclose upon default, and upon his refusal or resignation, to appoint a substitute trustee. And under said quoted provision the Farm Mortgage Company parted with the power to appoint a substitute trustee. Said Mortgage Company's joinder with Mrs. Cummings was surplusage.

Enough has been said to indicate that appellants' second point is without merit, and it is overruled.

Appellants' third point is to the effect that the record here shows that the appointment of John W. Easterwood as substitute trustee was invalid. As heretofore indicated, appellants labored under the impression that in order to validly appoint a substitute trustee it was first necessary for the Farm Mortgage Company to request the original trustee to make the sale, and then upon his refusal, or resignation, to make the appointment. However, said Company had no interest in the indebtedness at the time of the default, and its joinder with Mrs. Cummings, as also hereinabove indicated, was surplusage. The third point is overruled.

██ Appellants' fourth point is to the effect that the proof adduced by appellees failed as a matter of law to establish title in themselves.

The assignment tendered by appellants under this point is unusual, at least in Texas. The point arises under the ninth paragraph of the deed of trust, the particular relevant portion of which we have supplied emphasis to. "It is further agreed that in the event of the death of the trustee (his successor or substitute) or his refusal, failure or inability to fully execute the trust, or in the event of any vacancy in said office, the said party may by writing, *to be filed in the office of the County Clerk of the County* in which the premises hereby conveyed are situated, designate and appoint a successor, substitute or new trustee, *who upon filing such appointment shall succeed to the title and all the rights, duties,* privileges and liabilities of the original trustee."

The fourth paragraph of the deed of trust provides for foreclosure sale after notices being posted in three public places in the county, etc., for at least three consecutive weeks prior to the day of sale. In other words, the notice provision conformed to the requirement of R.C.S. Art. 3810. The appointment of the substitute trustee though executed on May 7, 1929, was not filed for record with the County Clerk until May 21, 1929. The notice of sale was posted on May 11, 1929, and the sale was held on the 4th day of June 1929. The gist of appellants' said point is that the stipulated and statutory notice was not given as required by the deed of trust because the appointment of substitute trustee was not filed in the office of the County Clerk until May 21, which was less than three weeks prior to the sale. From May 11th to June 4th was more than 21 days, but from May 21st to June 4th was less than 21 days. If the notice which was posted had no force and effect until the appointment had been filed in the office of the County Clerk, then obviously the statutory and stipulated notice was not given for the sale counting the time from and after the substitute trustee became vested with power to make sale by posting notice, by filing such appointment in the County Clerk's office.

Appellees cite Stone v. Watt, Tex.Civ. App., 81 S.W.2d 852, writ refused, as establishing the proposition that it is not necessary to the validity of a trustee's sale to file the resignation of the original trustee and appointment of substitute with the County Clerk. The cited authority is itself based upon Browne v. Investors' Syndicate, Tex.Civ.App., 60 S.W.2d 1047. Said authorities undoubtedly support the proposi-

tion that where there is no provision in the deed of trust making the power of the substitute trustee depend upon filing his appointment of record, his authority to act is not dependent upon his doing what is neither required by the deed of trust nor by statute. But said authorities do not go further. The power of a trustee in a deed of trust to sell out the property covered thereby must be strictly construed. Michael v. Crawford, supra.

We must sustain appellants' fourth point.

Appellants' fifth and sixth points, raising the questions of the admission of hearsay in evidence, and the action of the court withdrawing the case from the jury are, as presented, without merit and must be overruled.

There was evidence from which it might develop upon another trial that appellants had attorned to Mrs. Cummings, and remained in the premises as tenants, paying rent. If this is true, then appellees were mortgagees in possession. We therefore remand the cause for a new trial.

Reversed and remanded.