**SPRINGWOODS SHOPPING CENTER, INC. and Truitt V. Lively, Appellants,**

v.

**UNIVERSITY SAVINGS ASSOCIATION, Appellee.**

No. 18147.

Court of Appeals of Texas, Houston (1st Dist.).

April 15, 1982.

Pope & Waits, Edward W. Engel, Houston, for appellants.

Walsh, Squires, Thompkins & McCullough, F. Witcher McCullough, III, Hicks, Hirsch, Glover & Robinson, Jay D. Hirsch, Houston, for appellee.

Before PRICE, DUGGAN and WARREN, JJ.

WARREN, Justice.

This is a suit for wrongful foreclosure; the trial court granted a summary judgment decreeing that appellants take nothing.

The principal question is this: Does the mortgagor, in default because of payment delinquencies, have an action against the mortgagee for wrongful foreclosure if the property is sold by a substitute trustee who has not complied with the requirements of the deed of trust pertaining to his qualifying as substitute trustee.

These facts are undisputed:

(1) On September 30, 1970, Springwoods Shopping Center, Inc. (Springwoods) entered into an agreement with appellee for a real estate loan in the amount of $420,000. The loan was evidenced by a promissory note payable in 300 monthly installments and its payment was secured by a deed of trust. On the same day Springwoods conveyed the property to Truitt Lively, but the deed was not recorded until June 21, 1971.

(2) On October 10, 1975, appellants were several months delinquent in the installment payments due under the terms of the promissory note. On that date, appellee, through its agent, prepared a document entitled "Resignation of Trustee and Appointment of Substitute Trustee". The purpose of the document was to substitute T. C. Crump as trustee in place and stead of the original trustee named in the deed of trust.

(3) On or about October 14, 1975, appellee, through its attorney, sent to appellant, Truitt Lively, by certified mail, a letter in which it informed Lively that because of the delinquent payments, appellee was exercising its option under the note to declare the entire balance of the note due and payable. The letter also informed Lively that T. A. Crump had been appointed substitute trustee and that it was instructing him to foreclose the liens held by appellee under the note and deed of trust. Enclosed with the letter was a copy of the Notice of Trustee's Sale showing the time and place the sale would be effected.

(4) The pertinent part of the paragraph in the deed of trust providing for the appointment of a substitute trustee reads as follows:

In case of the absence, death, inability, failure, refusal or incapacity of the herein named Trustee to act, or at the option of the Beneficiary at any time and without cause or notice, a successor substitute Trustee may be named, constituted and appointed. *Successor or Substitute trustees may be named, constituted and appointed without procuring the resignation of the former trustee and without other formality than the execution and acknowledgment by Beneficiary of a written instrument* (which instrument, if Beneficiary is a corporation, shall be executed by the President or any Vice President and without the necessity of any action by the Board of Directors authorizing such appointment) *appointing and designating such successor or substitute and filing the same for record in the County where the premises are to be sold,* whereupon such successor or substitute trustee shall become vested with and succeed to all of the rights, titles, privileges, powers and duties of the Trustee named herein. Such right of appointment of a substitute or successor trustee shall exist as often and whenever from any of said causes the original or successor or substitute trustee cannot or will not act or has been removed as herein provided. (Emphasis added)

(5) On November 4, 1975, the property was sold to appellee at a foreclosure sale by Mr. Crump, as substitute trustee, for the amount due on the note. The instrument appointing Crump substitute trustee was not filed until November 6.

Appellant contends that the substitute trustee had no authority to sell the property

at the foreclosure sale because he did not become empowered under the deed of trust to act as trustee until the Notice of Appointment of Substitute Trustee was filed for record.

Appellee contends that the action is properly one for improper execution rather than wrongful foreclosure, and since appellant would be entitled to no damages under the undisputed facts in an action for improper execution, the court correctly granted summary judgment. Appellee also contends that either action is barred by limitations.

It is undisputed that each of the formalities required by the deed of trust for the appointment and qualification of a substitute trustee were complied with except the filing of the appointment of the substitute trustee in the records of Harris County. This was not done until two days after the sale by the substitute trustee.

Appellee contends that the recording of the appointment of a substitute trustee should be considered a ministerial act and that the provisions of the deed of trust should not be strictly construed. Appellants contend that the substitute trustee did not become vested with the power to act until the appointment was filed, thus the sale was void.

Texas courts have consistently viewed the appointment of a substitute trustee as one involving a great deal of care, discretion, and good faith and as such, strict adherence to the provisions of the deed of trust has been mandated. *Michael v. Crawford*, 108 Tex. 352, 193 S.W. 1070 (Tex.1917); *Faine v. Wilson*, 192 S.W.2d 456 (Tex.Civ.App.—Galveston 1946, no writ); *Burnett v. Manufacture's Hanover Trust Company*, 593 S.W.2d 755 (Tex.Civ.App.—Dallas 1979, no writ). The cases cited above also hold that a substitute trustee who has not strictly complied with the terms of the deed of trust providing for his appointment is not qualified to act and a sale by such substitute trustee is of no force and effect.

In the two cases most similar to ours, the courts held that failure to complete the incidents of appointment prior to the substitute trustee assuming his duties, when such was required by the deed of trust, rendered the sale void. *Burnett v. Manufacture's Hanover Trust Company*, supra. *Faine v. Wilson*, supra. In *Faine* the deed of trust provided that a substitute trustee, could be appointed, in writing "to be filed in the office of the county clerk of the county in which the premises hereby conveyed are situated, designate and appoint a successor, substitute or new trustee, *who upon filing such appointment shall succeed to the title and all the rights, duties, privileges and liabilities of the original trustee.*" 192 S.W.2d at p. 459 (emphasis ours).

In that case, the substitute trustee was appointed on May 7, the notice of sale was posted on May 11, although the appointment was not filed until May 21. The sale was held on June 4. The court held that since the notices of the sale were posted before the appointment of the substitute trustee, they were of no force and effect and thus the sale was invalid.

In *Burnett* the deed of trust required the appointment of a substitute trustee to be made by the holder of the note by instrument in writing and provided that the substitute trustee "shall thereupon become vested and succeed to all the title, power and duties hereby conferred upon the trustee . . . ." There was a dispute as to whether the document appointing the substitute trustee was timely executed. The court held that if a person purporting to act as substitute trustee has not been appointed in accordance with the provisions of the deed of trust, he is not authorized to sell the property.

Appellee urges that T. A. Crump was properly appointed substitute trustee but that his appointment was improperly executed and therefore the foreclosure and sale were rightful but merely improperly executed. Appellee relies on two cases in support of his contention: *West Texas Construction Company v. Arnold*, 74 S.W.2d 430 (Tex.Civ.App.—Eastland 1943, no writ) and *Taylor v. San Antonio Joint Stock Land Bank*, 101 S.W.2d 868 (Tex.Civ.App.—San Antonio 1936, rev'd on other grounds).

In *West Texas Construction*, the deed of trust provided in pertinent part:

Any new trustee or substitute appointed hereunder shall execute, acknowledge and deliver to the grantors an instrument accepting such appointment hereunder, which said instrument shall be duly recorded in the office of the County Clerk of Dallas, Texas, and thereupon such new trustee, or substitute, shall become invested with identically the same title to said premises, and the same rights and powers, subject to the same duties as the trustee hereunder.

The substitute trustee was appointed on October 23, 1930, the instrument was recorded in Taylor County, the county of residence of grantor and grantee and the county where the land was situated. The land was sold by the substitute trustee on October 6, 1931. The instrument appointing the substitute trustee was not filed in Dallas County until October 20, 1933. The question before the court was whether the failure to timely record the instrument in Dallas County rendered the substitute trustee's sale void. The court restated the rule that provisions relating to the appointment of a substitute trustee must be strictly pursued and all its terms and conditions fully complied with in order to render the sale valid. The court then recognized that it was obvious that the requirement that the appointment be filed in Dallas County resulted from a printed form being used which was intended to be used exclusively in Dallas County, and through mistake, Dallas County was not changed to Taylor County. The court held that since the notice of appointment was required to be delivered to grantors, who in turn were obligated to file it, their failure to file it would constitute a waiver of this provision. The court then held that the grantors could, and did waive the recordation requirement insofar as it could affect the title. The questions posed in that case differ considerably from those in ours.

In *Taylor v. San Antonio Joint Stock Land Bank*, supra, the deed of trust in question provided that "said owner or holder shall have full power to appoint, without notice to us, by written instrument duly recorded in said county, a substitute trustee." The main question in that case was whether the bank's board of directors could delegate its power of appointment of a substitute trustee to its executive committee, which made the appointment of the substitute trustee. In the Court of Civil Appeals opinion there is no discussion of any facts regarding the lack of a timely recording of the document appointing the substitute trustee, but this paragraph appears in the opinion.

Neither is the fact that the supposed appointment of a substitute trustee was not recorded before he began a discharge of his duties as trustee of any consequence. It was ultimately recorded, and, if such appointment had been otherwise valid, the failure to record it at once would not have rendered it invalid.

We must consider the above statement as dictum since it is not necessarily involved in the disposition of the case and therefore lacks the force of an adjudication.

Texas courts have consistently viewed the appointment of a substitute trustee as one involving a great deal of care, discretion and good faith; as such, strict adherence to the provisions of the deed of trust have been mandated. *Michael v. Crawford*, supra; *Faine v. Wilson*, supra.

■ If the language contained in a deed of trust providing for the appointment of a substitute trustee must be strictly construed, and the requirements for the appointment of a substitute trustee, strictly followed, then we can not say that the provision in our deed of trust requiring that the appointment be recorded is surplusage. The deed of trust in our case provides that the appointment of the substitute trustee be in writing and filed in the records of the county where the property is to be sold *whereupon* the substitute trustee shall become vested with and succeed to the rights, titles, privileges, powers and duties of the trustee named in the instrument. The word "whereupon" is defined as "after which," Blacks Law Dictionary, 5th Edition 1979 and as "closely following and in consequences of which," Webster's New Collegiate Dictionary 1975.

**444**

It follows that if T. A. Crump, the substitute trustee, became qualified to act only after the document evidencing his appointment had been recorded, then any acts, including the sale of the property, would be void.

It is not a requirement at law that an appointment be recorded before the substitute trustee is empowered to act. The parties in this case made it part of their agreement by choice. Therefore, appellant should not be allowed to now say that it is of no significance.

The court in *Burnett v. Manufacturer's Hanover Trust,* supra, at pp. 756, 757 has exhaustively cited the Texas cases containing examples of when the law authorizes an action for wrongful foreclosure and for an irregular or improper execution of a matured right. None of the cases cited is on "all fours" with ours, where there is a matured right of foreclosure but a sale by a substitute trustee who although properly appointed has not fully complied with the terms of the deed of trust applicable to his appointment. We are of the opinion that when a sale is made by a substitute trustee who is not qualified to act this gives rise to an action for wrongful foreclosure.

Appellee contends that appellants' action is barred by arts. 5539b and 5526, Tex.Rev.Civ.Stat.Ann., and by Tex.R.Civ.P. 62. Appellees base their contentions on the fact that appellants filed amended petitions alleging new facts more than two and four years after the cause of action accrued. In the original petition, as well as the subsequent amended petition, appellants based their right of recovery on the foreclosure. It is well settled in Texas that unless the cause of action alleged in an amended pleading involves a different transaction from that in the original pleading then it is not barred by limitations if the initial cause of action was not barred when it was filed. *Leonard v. Texaco,* 422 S.W.2d 160 (Tex. 1967).

We hold that a cause of action existed for the wrongful foreclosure of the property and that the cause of action was not barred by limitations, therefore summary judgment was erroneously granted.

Reversed and remanded.