ACCEPTED
03-15-00382-CV
7042507
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/22/2015 4:02:24 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00382-CV

IN THE THIRD COURT OF APPEALS OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/22/2015 4:02:24 PM
JEFFREY D. KYLE
Clerk

**STEVEN B. ARMBRUSTER**
**Appellant**
**v.**

**DEUSTCHE BANK NATIONAL TRUST COMPANY,**
**Appellee**

**Appeal from the 277th District Court**
**Williamson County, Texas**

**BRIEF OF APPELLANT**

David Rogers
Texas Bar No. 24014089
Law Office of David Rogers
1201 Spyglass Suite 100
Austin, TX 78746
Telephone: (512) 923-1836
Fax: (512) 201-4082

ATTORNEY FOR APPELLANT

**ORAL ARGUMENT NOT REQUESTED**

*Armbruster v. DBNTC, Appellant's Brief*                    *p.*          i

No. 03-13-00532-CV

---

## IN THE THIRD COURT OF APPEALS OF TEXAS

---

**STEVEN B. ARMBRUSTER,**
Appellant
v.

**DEUSTCHE BANK NATIONAL TRUST COMPANY,**
Appellee

---

Appeal from the 277th District Court
Williamson County, Texas

---

## BRIEF OF APPELLANTS

---

David Rogers
Texas Bar No. 24014089
Law Office of David Rogers
1201 Spyglass Suite 100
Austin, TX 78746
Telephone: (512) 923-1836
Fax: (512) 201-4082

ATTORNEY FOR APPELLANT

---

## ORAL ARGUMENT NOT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties, as well as the names and addresses of all counsel:

<u>PARTIES</u>

**Appellants/Plaintiffs:**
DEUSTCHE BANK NATIONAL TRUST COMPANY

**Counsel:**
Peter C. Smart
Texas Bar No. 00784989
Crain, Caton & James
Five Houston Center
1401 McKinney, Suite 1700
Houston, Texas 77010
Phone: (713) 658-2323
Fax: (713) 658-1921
psmart@craincaton.com

**Appellees/Defendants:**
Steven Armbruster
623 Greenlawn Blvd
Round Rock, Texas 78664

**Counsel:**
David Rogers
Texas Bar No. 24014089
Law Office of David Rogers
1201 Spyglass Suite 100
Austin, TX 78746
Phone: (512) 923-1836
Fax: (512) 201-4082

# TABLE OF CONTENTS

Identity of Parties and Counsel……………………….……………iii

Table of Contents……………………………………….……………iv

Index of Authorities……………………………………………….v

Statement on Oral Argument………………………………….…1

Statement of the Case…………………………..…………………1

Issues Presented……………………………………………………2

Summary of Argument………………………………………….3

Argument……………………………………………………3

Prayer………………………………………………………...9

Certificate of Service……………………………………..……….9

Certificate of Compliance……………………………………..…10

# INDEX OF AUTHORITIES

## TEXAS SUPREME COURT
*Huckabee v. Time Warner Entm't Co.*, 19 S.W.3d 413, 422 (Tex. 2000)……..5
*State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 292 (Tex. 2013)………………………..5
*Slaughter v. Qualls*, 162 S.W. 2d 671, 675 (Tex. 1942)………………………8
*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)..3
*Winters v. Slover*, 251 S.W. 2d 726 (Tex. 1952)…………………………………..8

## TEXAS COURTS OF APPEALS
*Bever Props., L.L.C. v. Jerry Huffman Custom Builder, L.L.C.*, 355 S.W.3d 878, 888, (Tex. App. Dallas 2011)……………………………..……………..4
*Faine v. Wilson*, 192 S.W. 2d 456, 458 (Tex. App. – Galveston 1946)………....8
*Ford v. Emerich*, 343 S.W.2d 527, 531 (Tex. App. – Hous. 1961, writ ref'd n.r.e)…………………………………………………………………..8
*Henke v. First Southern Properties, Inc.*, 586 S.W. 2d 617, 620 (Tex. App. – Waco 1979, writ ref'd n.r.e.)…………………………………………8
*Martin v. New Century Mortg. Co.*, 377 S.W.3d 79, 85 (Tex. App.—Houston [1st] 2012). ……………………………………………………..3
*Miresco Inv. Servs., Inc. v. Yatoo Enters. (USA), Inc.,* 2012 Tex. App. LEXIS 10520 (Tex. App. Houston 1st Dist. Dec. 20, 2012)…………………………3
*Mott v. Red's Safe & Lock Servs., Inc.*, 249 S.W.3d 90, 98 (Tex. App.—Houston [1st Dist.] 2007, no pet.)……………………………………………..2-4
*Murchison v. Freeman*, 127 S.W. 2d 369, 372 (Tex. App. – El Paso 1939, writ ref'd)……………………………………………………………………..8
*Roventini v. Ocular Sciences, Inc.,* 111 S.W.3d 719, 722 (Tex. App.--Houston [1st] 2003, no pet.)……………………………………………………….4
*Sadler v. Tex. Farm Bureau Mut. Ins. Cos.*, 2013 Tex. App. LEXIS 11300, 5, 2013 WL 4736392 (Tex. App. San Antonio Sept. 4, 2013)……………………4

## STATUTES
Texas Property Code §51.0001(3)……………………………………………6, 7
Texas Property Code §51.0001(4)……………………………………………6, 7
Texas Property Code §51.002………………………………………..………….7
Texas Property Code §51.0025………………………………………..…………7

**TO THE HONORABLE THIRD DISTRICT COURT OF APPEALS:**

Appellant, Steven Armbruster, hereby pleads that the honorable Court of Appeals reverse the summary judgment of the district court and order the court below to continue the case to trial, and in support of this motion show the Court:

**Statement on Oral Argument**

As this case is not legally complex, involving an area of the law continuously developed since before statehood and subject to a variety of interpretation and argument, and as the facts are straightforward, Appellees do not request oral argument. In the even the Court finds that oral argument would be helpful, Appellants request to participate in such argument.

**Statement of the Case**

1.1 Appellant is Steven Armbruster (hereinafter "Armbruster").

1.2 Appellee is DEUSTCHE BANK NATIONAL TRUST COMPANY (hereinafter "DBNTC").

1.3 Carrington Mortgage Services ("Carrington") caused the foreclosure sale of Armbruster's home, at which DBNTC was the high bidder, "paying" by credit bid $105,000 for a house with a purchase money loan in 2004 of $151,000, with a 2013 County Tax Appraisal of $167,975.

1.4 Armbruster alleges that the foreclosure was unlawful, and filed suit for Quiet Title, Declaratory Judgment as to Void Title, and violations of the Texas Civil Practice and Remedies Code Chapter 12.

1.5 DBNTC filed a traditional and no-evidence summary judgment on all causes of action.

1.6 The Court granted both traditional and no-evidence summary judgment, denying all relief sought, and containing a "Mother Hubbard" clause.

## Issues Presented

2.1. The Court erred in granting no-evidence summary judgment where the no-evidence summary judgment did not specify which elements of which causes of action no evidence was lacking, but merely stated: "Defendants incorporate paragraphs 1-3 7 herein. Defendants seek summary judgment under Rule 166a(i) in addition to under traditional grounds as discussed above."

2.2. The Court erred in granting summary judgment to DBNTC where DBNTC presented undisputed evidence that Carrington Mortgage Services, which foreclosed was NOT the "mortgagee" as defined under Texas Property Code §51.0001(4), undisputed evidence that Carrington was NOT holder of the Note entitled to enforce, and no evidence that Carrington was the mortgage servicer as defined under Texas Property Code §51.0001(3).

## Summary of Argument

3.1.    Failure to specify the elements for which proof in lacking in specific causes of action is a pleading defect in the no evidence summary judgment that precludes granting summary judgment.  *Mott v. Red's Safe & Lock Servs., Inc.*, 249 S.W.3d 90, 98 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

3.2.    The evidence put forth by DBNTC is inadequate to conclusively disprove the causes of action alleged by Armbruster.

## Argument

4.1.   Questions of law are reviewed by the appellate court *de novo*.[1]   When reviewing a decision of the trial court after a full bench trial, the Appellate Court must affirm if there is any set of facts or law presented to the Trial Court that could support the trial court's ruling.[2]

**No evidence MSJ grant is plain error.**

4.2 "'A no-evidence challenge that only generally challenges the sufficiency of the non-movant's case and fails to state specific elements is fundamentally defective and insufficient to support summary judgment as a matter of law.'

*Mott v. Red's Safe & Lock Servs., Inc.*, 249 S.W.3d 90, 98 (Tex. App.—

---

[1] *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)
[2] When findings of fact and conclusions of law are not properly requested and none are filed by the trial court, "the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence."
*Miresco Inv. Servs., Inc. v. Yatoo Enters. (USA), Inc.,* 2012 Tex. App. LEXIS 10520 (Tex. App. Houston 1st Dist. Dec. 20, 2012)

Houston [1st Dist.] 2007, no pet.)." *Martin v. New Century Mortg. Co.*, 377 S.W.3d 79, 85 (Tex. App.—Houston [1st] 2012). *see also Roventini v. Ocular Sciences, Inc.,* 111 S.W.3d 719, 722 (Tex. App.--Houston [1st] 2003, no pet.) (noting that the "motion must specify which essential elements of the opponent's claim or defense lack supporting evidence").[3]

4.3.    The No-Evidence Motion in this case is precisely this kind of fundamentally defective motion which will not support summary judgment as a matter of law.

4.4.    "A proper no-evidence motion must state there is no evidence of one or more elements of a claim or defense on which the nonmovant would have the burden of proof at trial. Tex. R. Civ. P. 166a(i)." *Sadler v. Tex. Farm Bureau Mut. Ins. Cos*., 2013 Tex. App. LEXIS 11300, 5, 2013 WL 4736392 (Tex. App. San Antonio Sept. 4, 2013).

4.5.    The no-evidence motion does not state there is no evidence of one or more elements of a claim or defense on which the nonmovant would have the burden of proof at trial.  The lower Court therefore erred in failing to deny the no-evidence motion for summary judgment.

---

[3] *Accord., Bever Props., L.L.C. v. Jerry Huffman Custom Builder, L.L.C.*, 355 S.W.3d 878, 888, 2011 Tex. App. LEXIS 9098, 19-20 (Tex. App. Dallas 2011); *Sadler v. Tex. Farm Bureau Mut. Ins. Cos*., 2013 Tex. App. LEXIS 11300, 4-5, 2013 WL 4736392 (Tex. App. San Antonio Sept. 4, 2013)

**Traditional Summary Judgment lacks sufficient evidence.**

4.6.   An appellate court reviews "a grant of summary judgment *de novo.* When the trial court does not specify the grounds for its ruling, a summary judgment will be affirmed if any of the grounds advanced by the motion are meritorious.   A party moving for traditional summary judgment has the burden to prove that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.  The non-movant has no burden to respond to or present evidence regarding the motion until the movant has carried its burden to conclusively establish the cause of action or defense on which its motion is based." *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 292 (Tex. 2013). (internal citations omitted.)  Where there is doubt, the court accepts as true all evidence favoring the non-movant, and indulges every reasonable inference in favor of the non-movant.  *Huckabee v. Time Warner Entm't Co.*, 19 S.W.3d 413, 422 (Tex. 2000).

4.7.   DBNTC has not met its burden.

4.8.   The evidence attached to the Motion for Summary Judgment conclusively shows that the party that foreclosed did not have the power to do so.

4.9.   The Court erred in granting summary judgment to DBNTC where DBNTC presented undisputed evidence that Carrington Mortgage Services,

which foreclosed was NOT the "mortgagee" as defined under Texas Property Code §51.0001(4), undisputed evidence that Carrington was NOT holder of the Note entitled to enforce, and no evidence that Carrington was the mortgage servicer as defined under Texas Property Code §51.0001(3).

4.10.  DBNTC's exhibit #6 shows that the Note and Deed of Trust were assigned to DBNTC by Carrington, acting on behalf of New Century Mortgage Corporation, on December 9, 2008.  After that time, only DBNTC had the power to foreclose, unless it transferred the Note and Deed of Trust to a third party or it designated a third party as mortgage servicer, as permitted under Texas Property Code §51.0001(3).

4.11.  There is no evidence attached to the MSJ that shows that either of those events occurred.

4.12.  To the contrary, there is a great deal of evidence attached that Carrington acted as though the December 9, 2008 assignment never occurred, and it continued to represent itself as agent of New Century or the New Century Trust, with power over the Note and Deed of Trust.  *See* Exhibit 7, 8, 9, 10, 11, 12, 13.[4]

---

[4] Exhibit 5, a limited Power of Attorney, purports to grant New Century as Servicer over some unidentified assets of DBNTC related to the New Century Home Equity Loan Trust 2004-2.  The Armbruster loan is not identified in any document attached to the MSJ or otherwise in evidence as being related to such a trust, quite possibly because the Armbruster Note is not a Home Equity Note.  Exhibit 3, a bankruptcy court order related to New Century and Carrington, also does not identify the Armbruster loan.

4.13. There is no evidence attached to the MSJ that the terms of Texas Property Code §51.0001(3) were fulfilled.

> (3) "Mortgage servicer" means the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument. A mortgagee may be the mortgage servicer.

4.14. No evidence was attached to the MSJ that showed that "the current mortgagee," DBNTC instructed the mortgagor, Armbruster, to pay Carrington.

4.15. Mortgagee can mean multiple things, according to 51.0001(4).

> (4) "Mortgagee" means:
> (A) the grantee, beneficiary, owner, or holder of a security instrument;
> (B) a book entry system; or
> (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record.

4.16. In this case, since "the security interest has been assigned of record,", "the last person to whom the security interest has been assigned of record," DBNTC, is the mortgagee.

4.17. Under Texas Property Code 51.0025, a "A mortgage servicer may administer the foreclosure of property under Section 51.002 on behalf of a mortgagee," but in order to qualify as a mortgage servicer and administer such a mortgage, Carrington would have to qualify under the definition in this chapter. There is no evidence Carrington qualifies.

4.18. A trustee's power to sell property at foreclosure arises from the language of the particular deed of trust. *See, e.g.*, *Winters v. Slover*, 251 S.W. 2d 726 (Tex. 1952); *Ford v. Emerich*, 343 S.W.2d 527, 531 (Tex. App. – Hous. 1961, writ ref'd n.r.e). A trustee has no power to sell the debtor's property except such as may be found in the deed of trust, and the powers therein conferred must be strictly followed. *Slaughter v. Qualls*, 162 S.W. 2d 671, 675 (Tex. 1942); *Faine v. Wilson*, 192 S.W. 2d 456, 458 (Tex. App. – Galveston 1946); *Murchison v. Freeman*, 127 S.W. 2d 369, 372 (Tex. App. – El Paso 1939, writ ref'd) (the terms of a deed of trust are **strictly construed**). **If** the trustee conducting a foreclosure sale has no power or authority to offer the property for sale, or **if** there exists a defect or irregularity in the foreclosure process that would render the foreclosure sale void, **then** the purchaser at foreclosure cannot acquire title to the property. *Henke v. First Southern Properties, Inc.*, 586 S.W. 2d 617, 620 (Tex. App. – Waco 1979, writ ref'd n.r.e.)

4.19. If title has not passed, then the superior right of title rests in the party who possesses prior title – the mortgagor, in this case, the Armbrusters. This Court must therefore reverse the lower Court and remand with appropriate instruction.

**Prayer**

Appellant Armbruster respectfully request that the Court reverse the judgment of the District Court in all things and remand for further action consistent with its opinion.

RESPECTFULLY SUBMITTED,

_/s/ David Rogers_____
DAVID ROGERS
Law Office of David Rogers
State Bar No. 24014089
1201 Spyglass Drive, Suite 100
Austin, TX 78746
(512) 923-1836
(512) 201-4082 (fax)
DARogers@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion was served upon Counsel of record for Appellants via the Court's online filing system on this 17th day of September, 2015.

Peter C. Smart
Texas Bar No. 00784989
Crain, Caton & James
Five Houston Center
1401 McKinney, Suite 1700
Houston, Texas 77010
Phone: (713) 658-2323
Fax: (713) 658-1921
psmart@craincaton.com

_/s/    David Rogers_

DAVID ROGERS

Attorney for Appellees

**CERTIFICATE OF COMPLIANCE**

Pursuant to Texas Rule of Appellate Procedure 9.4(i), I hereby certify that this document contains 1822 words.

_/s/  David Rogers_

David Rogers

SBN 24014089

Law Office of David Rogers

1201 Spyglass Suite 100

Austin, TX 78746

(512) 923-1836

(512) 201-4082 [Facsimile]

# Appendix



# Stacey Mathews
District Judge
277th Judicial District
405 Martin Luther King Blvd., Box 6
Georgetown, Texas 78626
(512) 943-1277
FAX (512) 943-1276


DATE:        May 22, 2015

TO:          David Rogers
             512-201-4082

FROM:        Stacey Mathews, District Judge
             277th District Court, Williamson County


PAGE(S) INCLUDING COVER:___4_pages

NOTE:

NO. 13-0631-C277

| | | |
|---|---|---|
| STEVEN ARMBRUSTER | § | DISTRICT COURT |
| | § | |
| | § | |
| v. | § | WILLIAMSON COUNTY, TEXAS |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY as Indenture | § | |
| Trustee for New Century Home Equity | § | |
| Loan Trust 2004-2, and | § | |
| JUANITA STRICKLAND | § | 277th JUDICIAL DISTRICT |

## JUDGMENT

On this day came on to be heard Defendants' Traditional and No-Evidence Motion for Summary Judgment. This lawsuit concerns residential real estate and improvements located at 621/623 Greenlawn Boulevard, Round Rock, Texas 78664 and described as:

> Lot 7, Block "Z," of Greenslopes at Lake Creek Section Nine, a subdivision in Williamson County, Texas, according to the Map or Plat thereof recorded in Cabinet F, Slide(s) 115, Plat Records of Williamson County, Texas (the "Property").

The Court reviewed the motion, any responsive plea that was filed, pertinent authorities and listened to arguments of counsel. The Court is of the opinion that the motion should be granted. It is therefore,

ORDERED, ADJUDGED and DECREED that Defendants' Traditional and No-Evidence Motion for Summary Judgment is granted. It is further,

ORDERED, ADJUDGED and DECREED that all relief sought by Plaintiff, Steven Armbruster, is denied. It is further,

ORDERED, ADJUDGED and DECREED that Plaintiff, Steven Armbruster, take nothing from Defendants, Deutsche Bank National Trust Company as Indenture Trustee for New Century

012851/000097
131 - 851982v1

Home Equity Loan Trust 2004-2 and Juanita Strickland by way of this lawsuit and all relief sought by Plaintiff, Steven Armbruster is denied.

This is a final judgment. ^appealable ~~Plaintiff, Steven Armbruster, shall pay all costs of court~~. All relief not granted herein is denied.

Signed this 22nd day of May, 2015.

_____
JUDGE PRESIDING

012851/000097
131-851982v1

2

APPROVED AS TO FORM AND SUBSTANCE:

CRAIN, CATON & JAMES

By:     /s/ Peter C. Smart
        Peter C. Smart
        State Bar No. 00784989
        psmart@craincaton.com
        1401 McKinney, Suite 1700
        Five Houston Center
        Houston, Texas 77010
        713-658-2323
        713-658-1921 (fax)
Attorneys for Defendants, Deutsche Bank
National Trust Company as Indenture Trustee
for New Century Home Equity Loan Trust
2004-2 and Juanita Strickland